PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE ___NORTHERN___ DISTRICT OF TEXAS

___WICHITA___ DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 28 2024

CLERK, U.S. DISTRICT COURT
By_____ Deputy

## PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

___RICKEY DELWIN PEARSON JR.___
PETITIONER
(Full name of Petitioner)

___TDCJ-CID JAMES V. ALLRED UNIT___
CURRENT PLACE OF CONFINEMENT

vs.

# 1115020
PRISONER ID NUMBER

**7-24CV-095-0**

___BOBBY LUMPKIN___
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

☐  A judgment of conviction or sentence,  (Answer Questions 1-4, 5-12 & 20-25)
    probation or deferred-adjudication probation.

☐  A parole revocation proceeding.  (Answer Questions 1-4, 13-14 & 20-25)

☒  A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-25)

☐  Other:_____  (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 411TH DISTRICT,

    SAN JACINTO COUNTY,COLDSPRING ; MURDER-LIFE WITH PAROLE

2.  Date of judgment of conviction: AUGUST 22,2002

3.  Length of sentence: LIFE WITH PAROLE ELIGIBILITY

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: MURDER-DOCKET UNKNOWN (DISCIPLINARY ONLY)

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☐ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury    ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes    ☐ No

8.  Did you appeal the judgment of conviction?   ☐ Yes    ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    _____ Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes        ☐ No

    (a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

    (b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

## **Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     ☐ Yes    ☐ No

     If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## **Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☒ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☒ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: `James V. Allred Unit 2101 FM 369 North,Iowa Park,Texas 76367`

     Disciplinary case number: `# 20240001152`

     What was the nature of the disciplinary charge against you? `Threat to Officer`

18.    Date you were found guilty of the disciplinary violation: `September 12, 2023`

     Did you lose previously earned good-time days?    ☒ Yes    ☐ No

     If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: `180 days good time loss`

     Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
`Foodloaf 7 days,State Property 3 days,Personal Property 7 days,1A to 3A Level`

`demotion,Recreation 15 days,Commissary 60 days,SAT 4 to Line 2 Line Class`

`demotion,Removal from Faith-based Dorm,Used to justify continuance in Seg.`

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☒ Yes    ☐ No

     If your answer to Question 19 is "Yes," answer the following:

     <u>Step 1</u> Result:    `GUILTY VERDICT UPHELD (Grievance Miscoded by Investigator)`

Date of Result: October 10, 2023

Step 2 Result: GUILTY VERDICT UPHELD

Date of Result: December 20, 2023

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:**    ACTUAL INNOCENCE

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I-203 Placement on Restriction form filed by Supervisor Sergeant Brice Byrd placed me on multiple restrictions for the alleged threat at 5:05 p.m.- 25 minutes BEFORE the incident supposedly occurred as per charging officer Todd Seals Offense Report which states threat was at 5:30 p.m. Supervisor's I-203 directly contradicts charging officer.

B.    **GROUND TWO:**    ACTUAL INNOCENCE

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Offense Report,which is the basis of the disciplinary case and an official TDCJ document,states I made threat at 5:30 p.m.,but JA 12 B C 1 row Camera shows I was escorted off the pod BEFORE 5:00 p.m.,so I could not have possibly been on pod at time of alleged threat.Camera evidence directly contradicts charging officer.

C.    **GROUND THREE:**    DUE PROCESS VIOLATION

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Substitute Paige Carter failed to question all witnesses I requested and she and DHO Captain Cody Miller limited me to one inmate witness because "inmates lie".I needed ISS H. Medina,Sgt. Byrd,Sgt. Schroyer and all inmate witnesses to disprove all elements of the charge.CS Allicia Rieck failed to object to denial of all witnesses.

D.    **GROUND FOUR:**    DUE PROCESS VIOLATION

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was denied ability to preserve request in Step 1 for hearing record review, which request is necessary for proper reviewal of the hearing at Step 2 level, as a result of grievamnce investigator Heatehr Marrs misprocessing a Staff Complaint grievance as my Disciplinary Appeal,thereby denying me due process.

[See Additional Pages after this for more Grounds]

21.    Relief sought in this petition: Overturn disciplinary decision,Good time returned, SAT 4 line class returned,expungement of disciplinary case from prison record, sanctions against Charging Officer Todd Seals-Sergeant Brice Byrd-Counsel Substitutes Paige Carter and Allicia Rieck-Disciplinary Hearing Officer Captain Cody Miller-Grievance Investigator Heather Marrs-Grievance Supervisor David Ivey to COMPEL future Due Process for all disciplinary actions.

E. GROUND FIVE :                    DUE PROCESS VIOLATION

Supporting Facts :

Charging Officer Todd Seals gave contradictory testimony,stating in his opening
statement that I made the threat when he was at my door getting my tray,and then in
answer to a question from me he stated I made the threat when he came 'back' to my
cell 'later'.He NEVER returned to my cell at all.When I brought up the discrepancy
to Disciplinary Hearing Officer Captain Cody Miller,Captain Miller claimed I was lying.
There was no objection by Counsel Substitute Allicia Rieck.


F. GROUND SIX :                     DUE PROCESS VIOLATION

Supporting Facts :

Disciplinary Hearing Officer Captain Cody Miller arbitrarily altered the time of the
incident from 5:30 p.m. to 5:10 p.m. on the Offense Report written by Charging Officer
Todd Seals and the Disciplinary Report in order to reconcile the time contradictions
simply so that he could still find me guilty,regardless of nonfrivolous evidence to the
contrary,and deny me the ability to use the nonfrivolous exculpatory evidence to have
the disciplinary decision overturned through the internal grievance system.


G. GROUND SEVEN :                   DUE PROCESS VIOLATION

Supporting Facts :

Summation / Mitigation prevented by Disciplinary Hearing Officer Captain Cody Miller,
without objection from Counsel Substitute Allicia Rieck.


H. GROUND EIGHT :                   DUE PROCESS VIOLATION

Supporting Facts :

Hearing Record Review denied by Disciplinary Hearing Office and Counsel Substitute
Office and the result was I was unfairly deprived of my right and ability to properly
prepare and file my disciplinary appeal.


I. GROUND NINE :                    DUE PROCESS VIOLATION

Supporting Facts :

Disciplinary Hearing Officer Captain Cody Miller refused to allow me to give defense
statement,demanding only yes / no answer to the threat charge.I was not allowed to
develop my case/defense,state chain of events,present nonfrivolous evidence,without
objections by Counsel Substitute Allicia Rieck.

J. GROUND TEN :                    DUE PROCESS VIOLATION
Supporting Facts :
Disciplinary Hearing Officer Captain Cody Miller refused to allow pursuance of
nonfrivolous exculpatory evidence from Charging Officer Todd Seals through follow-up
questions,and refused to allow me to question witness Inventory Store Specialist
Haley Medina about nonfrivolous exculpatory evidence,when Ms. Medina would have
provided information that directly contradicted the threat charge.There was no
objection by Counsel Substitute Allicia Rieck.


K. GROUND ELEVEN :                    DUE PROCESS VIOLATION
Supporting Facts :
On September 9,2023 Disciplinary Hearing Officer Captain Cody Miller and Counsel
Substitute Allicia Rieck conducted an off-record 'pre-hearing' where in-depth defense
evidence was solicited by Captain Miller,without Counsel Substitute Rieck objecting.


L. GROUND TWELVE :                    DUE PROCESS VIOLATION
Supporting Facts :
Step 1 Grievance Investigator Heather Marrs processed a staff complaint grievance as
my disciplinary appeal in order to deny me the ability to properly appeal the
disciplinary decision.Said action was evidenced by original processing of the 'appeal'
grievance as a Staff Complaint,screening it,holding it for several days,and then
processing it as my disciplinary appeal.This was arbitrary and done for malicious
reasons in order to deny me due process.


M. GROUND THIRTEEN :                    DUE PROCESS VIOLATION
Supporting Facts :
The Penalties imposed by Disciplinary Hearing Officer Captain Cody Miller were too
severe,where there was nonsubsequent violations and a clear disciplinary history for
the previous 2.5 years.Mitigation evidence was not heard or considered during penalty
imposition phase.There was no objection by Counsel Substitute Allicia Rieck.


N. GROUND FOURTEEN :                    DUE PROCESS VIOLATION
Supporting facts :
Disciplinary Hearing Officer Captain Cody Miller refused to allow me to ask 20 of 28
questions to the charging officer Todd Seals when all questions were nonfrivolous and
designed to prove that the claim of a threat was a malicious lie that Sergeant Brice
Byrd convinced or compelled the charging officer to lie simply to hurt me.

O. GROUND FIFTEEN :                    RETALIATION

Supporting Facts :

This case and punishment was a result of retaliation by Sergeant Brice Byrd and Officer Todd Seals for my work with prison reform organizations,prison reform efforts,advocacy on my behalf by prison reform organizations (one of which personally spoke to Sergeant Byrd about me and Sergeant Byrd was antagonistic toward them about me), my chronic grievance filing when policies are violated here on the James Allred Unit,and dislike of me for having had personal interviews with two TDCJ Directors,the Medical Director, the Region 5 Regional Director,and three officials from the Office of the Independent Ombudsman related to multiple violations and systemic corruption on the Allred Unit.


P. GROUND SIXTEEN :                    DUE PROCESS VIOLATION

Supporting Facts :

Disciplinary hearing Officer Captain Cody Miller rushed my disciplinary hearing in order to deprive me of due process rights and a fair and impartial hearing ; I could scarcely get a word in edge-wise because he was talking so fast and running over my words as evidenced by the hearing record.Disciplinary Hearing Officer Miller failed to abide by hearing procedures.Captain Miller simply wanted to punish me for Sergeant Byrd,and actively and aggressively hid / covered exculpatory evidence.


Q. GROUND SEVENTEEN :                    RETALIATION

Supporting facts :

After the disciplinary hearing was concluded,Disciplinary Hearing Officer Captain Cody Miller gave Sergeant Brice Byrd a thumbs-up as Sgt. Byrd passed behind me and then Sergeant Byrd turned around and began walking backwards and laughing at me,as I stood outside the office door.I saw Captain Miller give this thumbs-up to Sgt. Byrd through the glass reflection on the opened office door,and I beleive the hallway cameras also caught this either directly or from the reflection the same way I saw it.


R. GROUND EIGHTEEN                    DUE PROCESS VIOLATION

Supporting facts :

Counsel Substitute Allicia Rieck failed to represent me at all,failed to object to exclusionof witnesses,failed to object to other violations,failed to defend me,failed to ask questions or object when Disciplinary Hearing Officer Captain Cody Miller asked questions instead of let her,and she was prevented from giving summation/mitigation or objecting to such denial.

S. GROUND NINETEEN                    <u>CONFLICT OF INTEREST</u>

Supporting Facts :

Everyone involved in this disciplinary case is connected with each other through
friendship,kinship,or romantic involvement.Sergeant Brice Byrd is Officer Todd Seals'
direct Supervisor,Sergeant Byrd is friends with Disciplinary Hearing Officer Captain
Cody Miller,Sergeant Byrd is romantically involved with Counsel Substitute Allicia
Rieck,Counsel Substitute Rieck is the niece of Unit Grievance Office Supervisor David
Ivey and Mr. David Ivey is grievance Investigator Heather Marrs' direct Supervisor,
Mr. David Ivey is also the father of Counsel Substitue Supervisor Sean Ivey who is
Counsel Substitute Rieck's direct Supervisor (and David ivey is married to Human Res-
ources Program Supervisor Wanda ivey).Both Counsel Substitutes Ivey and Rieck work
directly with Disciplinary Hearing Officer Captain Miller in the same office and in
an intertwined capacity.Sergeant Byrd wanted to teach me a lesson as he threatened to
do,and so he used his connections with these people and offices to ensure that I was
punished all the way through the process,sicne HE placed me on multiple restrictions
and demoted my level,his girlfriend Rieck was supposed to represent me in the disciplinary
hearing,his friend Captain Miller wanted to screw me over for Sgt. Byrd,and the Counsel
Substitute office was supposed to be my advocate and nonrepresentation was that office's
way of helping to screw me over for Sgt. Byrd.With all these conflicts of interest I
was not represented at all,the hearing was partial and unfair,the severe
restrictions by Sgt. Byrd and punishments by Captain Miller were upheld,etc.I never had
a chance,and there was mroe than enough incentive to work togreher to deny me due
process in an unConstitutional manner.

22.   Have you previously filed a federal habeas petition attacking the same conviction, parole
      revocation or disciplinary proceeding that you are attacking in this petition?    ☐ Yes   ☒ No
      If your answer is "Yes," give the date on which each petition was filed and the federal court in
      which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b)
      dismissed with prejudice, or (c) denied.

      N/A
      _____

      _____

      If you previously filed a federal petition attacking the same conviction and such petition was
      denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a
      second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ~~☐ Yes~~ ~~☐ No~~

23.   Are any of the grounds listed in question 20 above presented for the first time in this petition?
      ☐ Yes   ☒ No

      If your answer is "Yes," state briefly what grounds are presented for the first time and give your
      reasons for not presenting them to any other court, either state or federal.

      All Grounds were presented in my Step 2 grievance and not the Step 1 due to

      the misprocessing of a staff complaint grievance on a seperate issue as my

      disciplinary appeal by Investigator Heather Marrs.

24.   Do you have any petition or appeal now pending (filed and not yet decided) in any court, either
      state or federal, for the judgment you are challenging?    ☐ Yes   ☒ No

      If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07
      application, or federal habeas petition), the court in which each proceeding is pending, and the
      date each proceeding was filed.  N/A

      _____

25.   Give the name and address, if you know, of each attorney who represented you in the following
      stages of the judgment you are challenging:

      (a)   At preliminary hearing: ___Counsel Substitute Allicia Rieck_____

      (b)   At arraignment and plea: ___Counsel Substitute Allicia Rieck_____

      (c)   At trial: ___Counsel Substitute Allicia Rieck_____

      (d)   At sentencing: ___Counsel Substitute Allicia Rieck_____

      (e)   On appeal: ___None_____

      (f)   In any post-conviction proceeding: ___None_____

(g)    On appeal from any ruling against you in a post-conviction proceeding:  __None__

---

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

__Within One Year__

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_March 25, 2024_____ (month, day, year).

Executed (signed) on _March 24, 2024_ (date).


_Rickey Pearson_

Signature of Petitioner (required)


Petitioner's current address: _____ Rickey Pearson # 1115020   James Allred Unit

___ 2101 FM 369 North , Iowa Park , Texas  76367     Wichita County ___

–14–

*(To Support Operations)*

CASE# 20240001152 TDCJNO:01115020 NAME: PEARSON,RICKEY DELWIN JR       BA : 1
HRT:JA   HSNG: 12FF2 - 82-B         JOB: SEC DET LEVEL I              IQ: 110
LOSS: S4  CUST: 3A  PRIMARY LANGUAGE: ENGLISH   LMHA RESTRICTIONS:   NONE
ERDE: MA / KS    OFF.DATE: 09/04/23  05:30 PM  LOCATION: JA MISCELLANEOUS
TYPE: ID                           Co 5:10 Pm

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT JA 12 B 33, INMATE: PEARSON,RICKEY
DELWIN JR, TDCJ-ID NO. 01115020, THREATENED TO INFLICT HARM ON OFFICER SEALS,
. COIV IN THAT SAID OFFENDER STATED: "IF YOU DON'T GO TO COMMISSARY AND GET
MY STAMPS, I'M GONNA MAKE SURE YOU GET A SPEAR TO THE FACE."

CHARGING OFFICER: SEALS, T. COIV                 SHIFT/CARD: 1 2

### INMATE NOTIFICATION  IF APPLICABLE INTERPRETER,

TIME/DATE NOTIFIED: 10 14/23  BY: (PRINT) FIRITY
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO  IF NO, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY)
INMATE NOTIFICATION SIGNATURE: X Rickey Pearson       DATE: 9/12
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
INMATE WAIVER SIGNATURE: X Rickey Pearson            DATE: 9/10/23

### HEARING INFORMATION

HEARING DATE: 09-12-23 TIME: 9:54 AM UNIT JA FOLDER D  FILE 141 DSFILE 240 741
COUNSEL SUBSTITUTE AT HEARING:      AR  FOLDER____ FILE____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING,(2)IF ACCUSED  INMATE  WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS (7) THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) (7) A/a Days Off
(4) Denied Ms. Medio As Witness Due to She Was Not
INMATE STATEMENT: I Did Not Threaten Him  Present When The
                                                                Incident Took
                                                                Place

OFFENSE CODES:                     04.0
INMATE PLEA (G, NG, NONE) | NG  |____|____|____|____|____|
FINDINGS: (G,) NG, DS)        | G  |____|____|____|____|____|
REDUCED TO MINOR (PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: (A) Officer's Report  (C) telephone Testimony Of
Officer Seals, I CO IV

### PUNISHMENT

LOSS OF PRIV(DAYS)_____ REPRIMAND.............._____ TABLET(DAYS).........._____
 *RECREATION(DAYS) 15   EXTRA-DUTY(HOURS).......___  REMAIN LINE 3......._____
 *COMMISSARY(DAYS) 60   CONT.VISIT SUSP.THRU_/_/_   REDUC.CLASS FROM 4 TO 5
 *PROPERTY(DAYS) ..._____ CELL RESTR(DAYS)........___  GOOD TIME LOST(DAYS) 180
 OTS(DAYS)....._____ SPECIAL CELL RESTR(DAYS)..___ DAMAGES/FORFEIT.$_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Seriousness Of Offense, Modify Behavior

CREDIT FOR PRE-HEARING DETENTION TIME? YES,(DAYS) N/A  NO (N)
DATE PLACED IN PRE-HEARING DETENTION: N/A   HEARING LENGTH 21 (MINUTES)
INMATE SIGNATURE FOR RECEIPT OF FINAL REPORT: Hand Cuffed
C. Mills

HEARING OFFICER (PRINT)    WARDEN              REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

I-210 And I-47MA Modified At Hearing
By DHO To Reflect The Correct Time Of
5:10 pm From 5:30 pm.

← To support operations →

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

### *Security Detention Level Review/Placement on Restriction*

### I. OFFENDER INFORMATION

Offender Name: Pearson, Ricky ; TDCJ Number: 1115020 ; Custody: JA ; Unit: JA

### II. PLACEMENT ON RESTRICTION    (Initial Placement ONLY)

*Instructions:  The highest-ranking security supervisor on duty has the authority to initially place an offender on restriction.  The shift supervisor (may be the same individual) shall document the placement in Sections I. and II. of this form; and then notify the unit classification committee (UCC) or the restrictive housing committee (RHC) by providing them this form intact.*

1705  [5:05 p.m.]

As of (date) 9/04/23 , at (time) 1705 , the above-named offender has been placed on restriction, in accordance with SM-01.29, "*Offender Management Restrictions.*"  [NOTE:  Place a √ in front of each restriction imposed]:
___ **Paper gown;**            ___ **Paper mask;**            ___ **Food loaf**
√ **Personal property** (*i.e., container; hard plastic; lock; metal; hotpot; etc.*)
   • List specific property restricted: All personal property
√ State-Issued property (*i.e., mattress; blanket; sheet; etc.*)
   • List specific property restricted: All state property

Reason for placement: threatening to inflict harm on the others. Refusing or failing to obey orders + unauthorized use of state personal property

Documented by: B Byrd                        Sergeant                        Sgt. B Byrd        09/04/23
              (Print Name)                   (Rank and Title)               (Signature)        (Date)

➔ *The restriction(s) may only continue up to 24 hours without review by the UCC/RHC (or until their earliest following workday).*

### III. UCC / RHC REVIEW

*Instructions:  This section shall be used for both UCC and RHC reviews.  If the form is being used for a \*subsequent review, the RHC must ensure Section I (Offender Information) is completed and the previous I-203 is available for review.*

REVIEW: (√ one) ☐ Initial; ☐ \*Subsequent;    Review held on 09/04/23 at 1730 by the (√ one) ☐ UCC; ☑ RHC.
                                               (Date)        (Time)        1730

Type of Review:   ☐ Restriction;    ☐ 7-day;    ☐ 30-day;    ☑ Special Review;

RESTRICTIONS: The UCC/RHC has reviewed the offender's record and has decided to either impose, continue, or discontinue restrictions, as noted below:

- Paper gown?          ☐ YES; ☑ NO    Review/Expiration Date: 09-04-23 / 09-11-23  N/A
- Food loaf?           ☐ YES; ☐ NO    Review/Expiration Date: 09-04-23 / 09-11-23
- Personal property?   ☑ YES; ☐ NO    Review/Expiration Date: 09-04-23 / 09-07-23
   • List specific property restricted: All personal property
- State-Issued property? ☑ YES; ☐ NO  Review/Expiration Date: 09-04-23 / 09-05-2
   • List specific property restricted: All state property

LEVEL: ☐ I;    ☐ II; or    ☑ III

Justification for decision(s): Said inmate threatened to inflict harm or an effect. Refusing or failing to obey orders + unauthorized use of state and personal property.

Committee Members (Print name and rank or title): Capt. McLaughlin
T. Capps                                     ; and              Sgt. Byrd

### IV.  OFFENDER NOTIFICATION

*Instructions:  Correctional staff shall notify the offender that the UCC/RHC decision will expire on the date indicated or be reviewed for continuation, request the offender to sign (if the offender refuses, document the refusal), and provide the offender a copy of the completed document.*

Notified by: Victor Gamboc VG          9-4-23 1755          Refused 9/4/23
           (Employee -- print name and sign initials)    (Date and Time)    (Offender signature and date)



**STEP 1**      **OFFENDER
GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2024007870
Date Received: SEP 19 2023
Date Due: OCT 19 2023
Grievance Code: 400
Investigator ID #: I2943
Extension Date: _____
Date Retd to Offender: OCT 11 2023

Offender Name: Rickey Pearson          TDCJ # 1115020
Unit: JA          Housing Assignment: 12F - 28
Unit where incident occurred: JA

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Dishman via I-60          When? 9-8-2023

What was their response? None

What action was taken? None taken by Dishman; I'm filing          SEP 14 2023

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This is on Sgt. Brice Byrd for Falsification of Records and misconduct, in contravention of penal codes §§ 37.09 & 37.10, and PD-22 Rules 10 and 37 for falsifying an I-203 dated 9-4-2023 that at 5:05 p.m. places me on multiple restrictions for an incident that according to major disciplinary # 20240001152 didn't occur until 25 minutes later at 5:30 p.m. After placing me on initial restrictions, Sgt. Byrd had the duty to forward it to the Restrictive Housing Committee for review and further determination, and instead of doing this, Sgt. Byrd filled out the entire form himself, including writing in the names of the other two RHC members (he himself by his signature being one as well), as evidenced by the exact same writing slant and style, in order to ensure that I remained on all restrictions for as long as possible. In Section II of the I-203, Sgt. Byrd attests by his signature that he wrote the text under 'Reason for Placement' [on restrictions]. In Section III of the I-203, which should've been filled out by the RHC, you can easily see that Sgt. Byrd filled out EVERYTHING as the writing is the exact same as in Section II. If you look at Captain McLoughlin's name, you will see it is also the EXACT same writing as everything else is, as is the name of the remaining RHC member Lieutenant Capps. Further, if you review the 9-4-2023 SM-01.29 Food Loaf Restriction Approval Form you will see Lt. Capps' name in her own writing, and it is          SEP 14 2023

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix F

nothing at all like the writing on the I-203. Nowhere does policy state the RHC can consist of only one person, and by forging the names of the RHC Sgt Byrd misrepresented the fact that he alone was doing the form, thereby constituting fraud and resulting in the misconduct of falsification. (CO)

SEP 14 2023

✱ Last Regular Grievance filed on 9-7-2023 ✱

SEP 14 2023

**Action Requested to resolve your Complaint.** The 9-4-2023 I-203 and SM-01.29 reviewed to Investigate this issue, and Sgt Byrd to be dealt with according to PD-22.  SEP 14 2023

**Offender Signature:** Rickey Pearson    **Date:** 9-14-2023

**Grievance Response:**

Your allegations were considered . However, the investigation of Disciplinary Report # 20240001152 shows that sufficient evidence was presented at the hearing to justify the finding of guilt and the penalties imposed by the Disciplinary Hearing Officer (DHO). No significant procedural or technical errors were noted. This is for your information. No further action is warranted.

C. Wiedau, Asst. Warden

**Signature Authority:** _____    **Date:** OCT 1 0 2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☑ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** H. Marro    H. M.

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials: HW
Grievance #: 2024005757
Screening Criteria Used: 899.02
Date Rec'd from Offender: SEP 14 2023
Date Returned to Offender: SEP 14 2023

2nd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

3rd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix F

JAN 1 2 2024

**OFFICE USE ONLY**

Grievance #: 2024007870

**Texas Department of Criminal Justice**

UGI Recd Date: OCT 1 7 2023

# STEP 2    OFFENDER

HQ Recd Date: OCT 2 0 2023

Pearson, Rickey Delwin Jr. GRIEVANCE FORM

Date Due: 11-16-23

Offender Name: Rickey Pearson        TDCJ # 111 5020

Grievance Code: 400

Unit: JA        Housing Assignment: 12F-28

Investigator ID#: J2460

Unit where incident occurred: JA

Extension Date: DEC 1 6 2023

12C-09

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I object to the processing of this grievance as a disc. appeal and the deprivation of due process that resulted. Grievance #2024009108 should've been processed as my disc. appeal instead of this #2024007870, but #2024009108 was screened and returned by UGI Marrs. She originally coded #2024007870 as 899 (screened #2024005757), then held the I-127 and submitted it herself, renumbering it #2024007870 and recoding it 400 to process as a disc. appeal. This was intentionally done to deny me due process. I have SEVERAL reasons for appeal, the most important of these following that collectively provide justification for overturning of disc. case #2024001152, or for screened grievance #2024009108 to be printed out by JA UGO and processed as the disc. appeal as appropriate. Review hearing recording for disc. #2024001152, camera record reviewed for 12BC133 @ 4:30-5:10 p.m. on 9-4-2023, Review I-203 from 9-4, all other documentary evidence. co Seals (charging officer) gave contradictory testimony during questioning regarding threat; contradictory I-203 which states I threatened at 5:05 p.m and not 5:30 p.m as case alleges; exclusion of witnesses; DHO arbitrarily altering time of case from 5:30 pm to 5:10 pm; hearing record review denied by CS office; 20 of 28 questions excluded by DHO; Summation/mitigation prevented by DHO; DHO rushed hearing; CS Rieck failed to defend me or object to violations; not allowed to read defense or my own mitigation statements; DHO refused to let me give statement; Housing on case incorrect; failure to note on recording of 24 hour waiver; Witnesses denied by DHO; witnesses not interviewed by CS; hearing procedures not followed by DHO; DHO refusal to allow pursuance on non-frivolous exculpatory evidence from charging officer Seals; Case written at 5:30 pm but 12BC1 cameras show me OFP POD at 5:00 p.m; Sgt. Byrd on I-203 claims I made threat at 5:05 p.m. - I-203 directly contradicts charge; DHO

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

prevented stipulated testimony; DHO gave Sgt. Byrd thumbs up after finding of guilt; DHO miller had his body Camera turned off; Penalty too severe — nonsubsequent violation, 2+ years clear disciplinary history; mitigation evidence not considered; Hearing not fair or impartial. Please over turn this case, and investigate UGI marrs and Ivey seperately for their violations in processing #2024007870 as a disc. grievance when it wasn't!

**Offender Signature:** *Rickey Pearson*    (CC)    **Date:** 10-18-2023

**Grievance Response:**

An investigation has been conducted by the Central Grievance Office. Major Disciplinary Case # 20240001152 has been reviewed. The 04.0 was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted by this office.

*H. M. Pederson*

DEC 2 0 2023

**Signature Authority:** _____    **Date:** _____

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

<table>
<tr><td colspan="2" align="center"><b>OFFICE USE ONLY</b></td></tr>
<tr><td><b>Initial Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>2nd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><b>3rd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

**Appendix G**

<u>MEMORANDUM OF LAW</u>

This Memorandum pertains to TDCJ Disciplinary Case #20240001152,written by charging Officer Todd Seals on September 4,2023 for Threatening to Assault an Officer.I am untrained legally with no education and a 0.1 Educational Average and I ask the Court to view my Statement of events here in the light most favorable to me.I do not know the Law,and so this 'Memorandum' will merely be a statement of the full events revolving around this disciplinary case.Thank you.


On September 4,2023 at 10:00 a.m. on Labor Day,Inventory Store Specialist (ISS) Haley Medina delivered commissary to me on 12 building B pod 1 row at 33 cell.She gave me all commissary ordered except my thirty stamps,but she told me she would bring my stamps back later when she returned to deliver two row's commissary.Around 4 p.m. she returned with two row's commissary,and Ms. Haley,who was on two row, hollered down to me that she had my stamps with her in a flat brown paper sack but that she could not find them at the moment,but that after she finished commissary on two row she would bring my stamps to me.About 4:15 p.m. I saw 12 B pod rover officer Todd Seals walking around by the central picket and I called him to the B pod C section crash gate.I asked him to  please step to the other side of the pod and remind Ms. Haley about my stamps before she left the pod.Officer Seals' response was "I'm not your fucking lapdog!"I left it alone,stepping out of my cell door.Shortly thereafter Seals came around picking up dinner trays.When he opened my slot I gave him my tray and stuck my hand out to prevent him from shutting my slot,and I requested he call a Supervisor for me to speak to.He grabbed my tray from me and told me "Go ahead and jack the slot,I don't care."He never ordered me to pull my hand back in or otherwise relinquish the slot.He put my tray in the tray barrel and continued picking up trays from the other inmates.I told him he was violating policy by leaving my food slot unattended while it was still open.He ignored me.After finishing retrieving trays on my section he went through the crossover door to B sec5tion and picked their trays up as well,and then he left thepod with the tray barrel.I began trying to clal my brother.My brother and I have an understanding that I cannot call him before 5:30 p.m. unless it's an  emergency because he works until that time.The time now was around 4:30 p.m.My brother did not answer his phone,and I was frustrated because he and I had that understanding that if I called before 5:30 p.m. it would be over something urgent.

This is why the time is so prominent in my mind in this incident and why I know for sure that I was calling before 5:30 p.m. I had the occasion to check the clock frequently as I tried to get through to my brother.Around 4:45 p.m. Sergeant Brice Byrd entered my section along with officers Filiberto Delgado,Nathan Callison,Markeis Lee,Victor Gamboa,and Officer Seals.Seals went and stodd on the staircase,which Sergeant Byrd tried to show Gamboa how to operate the camera.I knew I was about to be demoted in level.I tried to talk to Sergeant Byrd and he ignored me.I told Sergeant Byrd to come close my slot and he angrily told me "It's too late for that!" I asked him if he was rolling me (dropping my level) and he said "You're damn right I am!You're on THIS pod (that is,the Christian faith-based pod) acting like this by jacking my slot?Yeah,you're getting rolled!" I told Officer Seals,who was still standing on the staircase "Man,myou could've jsut reminded Ms. Haley about my stamps,you didn't have to do all this." His response to me was "I already told you,I'm not your fucking lapdog!" Officer Gamboa got the camera working and Delgado and Callison came to my cell door,telling me to strip out and cuff up or I'd be peppersprayed.I complied.I was then escorted directly to 12 F pod 82 cell,which is a level three cell.Before cessation of the Use of Force video but after removal of the hand restraints I hollered on camera "I'm feeling suicidal!I'm feeling suicidal!" Sergeant Byrd ordered termination of the use of force video and Gamboa turned the camera off.Sergeant Byrd then told me "Go ahead and kill yourself then." He then began wlaking down the stairs and over his shoulder he told me "You wanna play games,I'm gonna fuck you over!" Everyone on two row heard the threat,as did all the officers who were with him who I named above.Shortly thereafter Officer Delgado,who was assigned to F pod,came around doing a security check and I asked him what time it was and he told me "5:00."He then told me "I didn't have anything to do with that,Pearson." A couple of hours later Sergeant Schroyer who works P.M. shift came to my cell and asked my statement on two cases, both of which were complete lies.One was for having a towel covering my cell door before I was rolled,whcih was untrue,and one for threatening officer Seals by supposedly telling him "You better go to commissary and get my stamps or I will make sure you get a spear to the face." There was NO slot jacking case.I was shocked, to say the least.I pleaded Not Guilty to both charges,and I vigorously commented on the cases to Sergeant Schroyer.I provided a list of witnesses for him to ask who could prove I was innocent of the charges.Sergeant Schroyer then stated to me thoughtfully, "I was told about you jacking a slot,but I don't know where these other cases came from." I interpreted that to mesan that he had been apprised

Page 2 Memorandum of Law

by Sergeant Byrd of me jacking my slot,but not about having a towel over my door
or my having threatened anyone.That is,jsut prior to all shiftchanges there is
a process called "Turnout" where the shift Supervisor will get with the newly
incoming shift Supervisor to relay important informaiton to that incoming Supervisor.
Apparently Byrd told him only about the slot case issue and not about the towel
or the threat.Sergeant Schroyer left my cell.On 9-5-2023 Ms. Haley (who was pro-
inmate and has recently been fired from TDCJ) brought my stamps in a brown paper
sack to my new cell,and the bag had written on it in black marker B-33,which is
where I had been rolled from the day before.That is,this was proof that Ms. Medina
had already filled my stamp order and had them with her on B pod as she stated.
Otherwise,if she filled my stamp order on the morning of 9-5 then the brown sack
would have said F-82.She gave me the entire bag,and I held it as part of my evidence.
On 9-5 I was moved from F-82 to F-67 cell.On 9-6 Counsel Substitute Paige Carter
came to my cell to notify me of a major disciplinary case for threatening an officer.
Th towel over my door case disappeared.I requested of Ms. Carter a full camera
review of the incident from 9-4 for 4 p.m. through 5:30 p.m.,becase this ALONE
would have completely exonerated me.I pleaded not guilty to the charge.This camera
review would have exonerated me because charging officer Seals claimed I made
the threat at 5:30 p.m. but the camera shows I was escorted off the pod much earlier
than that,around 5:p.m. I was demoted for the threat I supposedly committed thirty
minutes before I made the alleged threat!I also requested that Ms. Carter review
the  Use of Force camera so she could see by the video date and time stamp that
I was being truthful and was offf the pod long before the time of the alleged
threat.I also requested witnesses of Sergeant Schroyer,Sergeant Byrd,ISS Medina,and
several inmates.I was instructed by Ms. Carter to only give her my three best
inmate witnesses,and I did.The inmates I named were in close proximity to my cell
and I was tlaking to them between trying to get ahold of my brother on the phone,so
they were completely and fully aware of everything that was going on,and could
all attest to the fact that I never made a threat at all or was even angry or
aggressive in anyw ay.That I did nothing mroe than jacked my slot.I had not at
that time received state document form I-203 placement on restriction  because
Sergeant Byrd mailed it to F-82 and I had been moved to F-67,so it took a day
to catch up to me.Because of this fact I was unable to show Ms. carter the time
discrepancy as proof of my innocence.The I-203 put mer on restrictions for a threat
at 5:05 p.m.,25 minutes BEFORE I supposedly even made the threat according to
the charging officer Seals.That night,on 9-6,I did receive that I-203 at mailcall.

I immediately noticed several things about it,to incldue in Section 11. where initial placement on restrictions is allowed,Sergeant Byrd,as verified by hois signature on the form,stated that I was placed on multiple restrictions as stated in the application that at '1705' (military time for 5:05 p.m.)I was placed on foodloaf,state and personal property restrictions for threatening to inflict harm on an officer,refusing or failing to obey orders & unauthorized use of state and personal property.I also noticed that  every single word on the entire form-including the signatures of the other members of the Restrctive Housing Committee-had the exact same writing style and slant.It was clear to me that Sergeant Byrd was the SOLE author of the I-203,and that he himself made up the entirety of the restrictive housing committee,in direct violation of policy.On 9-7 I mailed in-depth letters with statements about the entire case with exoneration evidence to Counsel Substitute Paige Carter,Captain Barrerra,Major Dishman,Disciplinary Captain Cody Miller, Lieutenant Young,Major Schiwart,Assistant Warden Brian Reitsma,and Senior Warden Kevin Smith.I sent full statements to all of thes eindividuals becouse I was afraid that sergeant Byrd would attempt to deny me ability to attend my disciplinary hearing in order to further railroad me.I'm INNOCENT of this charge.Yes,i showed extremely poor judgment by jacking my slot,but eveyrthing that has resulted sincer then was from Sergeant Byrd's personal vendetta to do as he promised and to "fuck [me] over".Sergeant Byrd already hated me because my outside advocates have personally called up her eand spoke to him about violations committed by both him and the officers under him.I am also a chronic grievance filer and I-60 request writer,a complainer about my special therapeutic dietary trays,and Sergeant Byrd has or had the incentive to retaliate agaisnt me and screw me over.On 9-9-2023 I was pulle dout by Officer Johns and Graham to take me to major court,and they escorted me to the disciplinary hearing office in the 12 building hallway between E and F pods.I took with me the I-203 to show as proof that I am innocent of the charge. Upon entering the office Coiunsel Substitute Allicia Rieck and Dsiciplinary Captain Cody Miller were present.Ms. Rieck,whow as supposed to be representing me,never looked at me or even spoke to me even one time.Captain Miller began spekaing to me in a fatherly kind of voice and asking me about my evidence.Because I thought he would be fair,I told him everything.He never looked at the I-203 but he did ask me several questions about it.This wasall off-record.Captain Milelr then told me to step outside the office so he could try to call Officer Seals at his home on his day off,and I stepped otuside the office.Almost immediately Captain Miller

stepped in the doorway of the office and told me he could not get ahold of charging
officer Seals and that he would reschedule me a hearing for the 11th.He then told
me "I'm probably going to find you guilty because threatening an officer is a
seriuous case." I told him "But I never made a threat to the officer.You're jsut
going to find me guilty because he claims I did it?" captain Miller told me "Yes."
I then told him "But that leaves room for abuse of authority!",and Captian Miller
simply shook his head up and down as if to agreee with that.He then told me "I'm
not going to allow your witenss statemtns becasue inmates lie."I toild him "officers
lie,too!But you're going to jsut ebelive everyhting?" I then told him "I thought
you said you were fair?" And captain Milelr then went back into the office after
telling me to "Bring me that I-203 back on the 11th and I'll take a look at it."At
this time he never did actually look at the I-203,and it remained in my hand ther
entire time I was there despite me bringing the discrepancy to his attention.On
my way back to my cell officer Johns told me "Looks like you are about to get
screwed.Good luck when you go to court."I returned to my cell.About three hours
later,still on 9-9,Sergeant Byrd made a security round on F pod 2 row and  as
he passed by my cell I asked him "Why'd you play dirty like that the way you did?"
Sergeant Byrd then told me "You better remember where you're at.I ain't trying
to hear no king kong shit.You acted like a 3A when you jacked my slot,I'm gonna
treat you like a 3A (Level ssystem 3A).I told him "I'll see you in Court!" and
he told me "That's fine!".These words by Sergeant Byrd alone show the only actual
issue of the whole thing was me jacking the slot.jacking a slot would not have
gotten me demoted in level due to that kind of case being a level two offense
and it being more than six months since my last infraciton,so to make sure it
DID get me demoted Sergent Byrd had Offier Seals writ eme the threat case,and
it worked.On 9-10 I sent out a flurry of letters to all offices I had previously
wrote as well as some other offices in Huntsville.On 9-12 Officer Seals came to
F pod 2 row to pull someone out for a disciplinary hearing and I told officer
Seal"That's some messed up stuff you did,Seals!" "I only jacked my slot." Seals
told me "Pearson,you are always complaining about your trays and making us fix
them,you are a nuisance." I said "What?You did all that for Byrd only because
or my tray-related issues?I'm STILL going to be complaining about my trays,that's
not going to stop anything!"Seals then told me "Byrd's the one who wanted you
rolled,not me."I told Seals "I already knew that,but it's still messed up that you
would do that for him.I apologize to you for jacking the slot on you because I
always deemed you a good officer and shouldn't have done that,but comeo on men..."

Officer Seals then took the inmate to his court hearing and when he returned I
told him "It's ok,man,I'm not upset with you.It's only going to be a temporary
thing,I'll get my level one back and get back up the hallway."Seals then told
me "Just chill out and get your level one back and move up the hallway,man,I don't
hold no grudges,you don't either."He then left the section and then the pod.On 9-
12 I was pulled out for Major disciplianry court and was escorteed to the E/F
hallway disciplinary office by officers Gamboa and Lee,both of whom were part
of the original incident when I was falsely demoted on 9-4.In my hand I had the
I-203 form showing desptie the case being written at 5:30 p.m. that I was placed
on restrictions by Sergeant Byrd for the supposed threat  25 mintues before the
threat,as well as the brown paper sack that said B-33 on it thatmy stampos came
in,as well as packets  I stapled and labelled "My Defense","Calling of Witnesses-
Why Testimony Needed","Witness Questions for Officer Seals","Witness Quesitons
for H. Medina I.S.S. III'',"Witness Questions for Sergeant Schroyer","Witness Questions
for Lieutenant Capps","Witness Questions for Sergeant Brice Byrd",as well as one
for Captain McLoughlin.I also had a packet labelled "Plea For Leniency".Officer
Lee grabbed the stack from my hand and placed it on the corner of the desk.Present
in the office were Disciplinary Captain Cody Miller,Counsel Subsittute Richey,Counsel
Substitute Rieck,as well as me and my two escorting officers.I asked "Which one
of you ladies are representing me?" to CS Richey and she nodded toward CS Rieck
to indicate it was CS Rieck who would be my counsel substitute.Despite Captain
Miller telling me he would look at the I-203 when I brought it to court,he NEVER
once looked at it,nor did CS Rieck.Captain Miller asked me "Why'd you bring a
paper sack to my court?" and before I could answer CS Rieck siad "That's probably
the bag his stamps were in" (remember I had already written all offices to tell
them about this and the other evidence).Captain Mille rhad his body camera turned
off,jsut like he did on 9-9,despite policy stating his body camera must be turned
on when dealing with prisoners directly.I didn't mention it because I didn't want
the Captain to kick me out of court.Captian Miller turned the tape recorder on
and asked my name and number,which I stated for the record.He then read the charges
into the record,and asked my statement,and I began to give him my statement
and the fuyll chain of events and he told me afgetr only a few words that he didn't
want to ehar all that,that he only wanted a guilty or not guilty plea about making
the threat.He refudsed to let me present nonfrivblous exoneration evidence.I told
him "Not guilty",sicne that was all he let me do.At that time officer Seals entered
the disciplinary hearing office and Captian Miller asked him to state what happened
and Seals stated he was picking up trays and when he got my tray I told him he
better go to commissary and get my stamps or else I'd make sure he got a spear to

the face.That he then waled away from my cell,told Sergeant Byrd,etc.Because I
had already previously made Captian Miller aware of the time discrepancy by my
written statements to his office and the 9-9 prehearing or whatever that was,he
took it upon HIMSELF to ask Officer Seals "Is there a possibility that#you##made#
he made the threat  earleir than 5:30 p.m. as claimed?",and Officer Seals calmly
stated "Yes,it was closer to 5:05 or 5:10 p.m." Captain Miller then arbitrarily
changed the time on the offnese report and the I-47 major disciplinary hearing
report to reflect the offense was at 5:10 p.m.-in attempt to get the time of the
chagge closer to Sergeant Byrd's 5:05 p.m. time in order to reconcile the discrepancy
to deprive me of my exoneration evidence and due process.I was allowed to ask
questions of the charging officer and I told Ms. Rieck that my questions for the
officer were in the stack of papkets on the desk,that was labelled "Witness Questions
for Officer Todd Seals".Captian Miller then got my packet of questions and of
the @ 28 questions Captain Miller denied 20 of them.My questions were all relevant
and specifically designed to catch officer Seals in lies,and even though Captian
Miller denied so many questions one of them was answered by Officer Seals that
after he got my tray he later returned to my cell and THATw as when I made the
threat.During folowup quesitoning I pointed out the discrepancy in testimonty
to Captain Miller,telling him that Seals had first in his statement stated I made
the threat at my door as he got my tray,and then how now he was saying I threatened
him when he later came back to my cell (he NEVER did come back toi my cell at
all once he got my tray,so that was a blatant lie again),and Captian Miller told
me "That's @ not what he said",and Seals was let go from the office.Ms. Rieck
then for the first time  spoke and stated she objects to all the denied quesitons,and
she also state din the record that I asked for a @ camera review and the camera
review showed that I was escorted off the pod at 5:00 p.m.,not 5:30 p.m. as the
case claimed.Captain Miller said objections were noted,and then he immediately
and very quickly asked Ms. Rieck for a Summation and Mitigation statement,btu
before she could speak I asked Captian Miller "What's up with my questions for
my other witnesses?" Ms. Rieck then said one inmate witness siad I did not threaten
anyone.Captai Milelr told me he wasn't going to allow me to question any of my
witnesses because they weren't present at my cell at the time of the alleged incident.
The incident was manufactured so of course noone could be at my clel,but I needed
them for proof of my innocence.Captian Miller then rushed directly into saying
"I'm going to pause the tape now to consider my decision",and without pausing

the tape at all he hurriedly said "I'm going to find you guilty and give you 15
days recreation restriction,60 days commidssary restriction,demotion in line class
from SAT 4 to Line 2 (a two line class demotion),and 180 days good time loss.This
is due to the seriouesness of the offnese." He then stopped the tape recorder
and told me to step out of the office.I was escorted out of the office and stood
agaisnt the wall right by the door,and the door was lef topen.The office has a
glass panel from m waist up to the top,and from my vantage point I could see Captian
Miller and Ms. Rieck sitting at the desk and finishing up the disciplinary hearing
record report,explaining the questions that were denied and such as evidcenced
by all the writing on the sides of the disciplinary hearing record report.As I
was watching the Captain I heard someone walking around the corner to my right
and I saw it was Sergeant Byrd.He walked behind me as going toward E pod,and I
tulmed my head to watched Captain Miller again and I saw out of the corner of
my eye Sergeant Byrd leanign and looking toward Captian Miller in his office and
through the reflection of theglass in the office door I saw Captain Miller raise
his head and look at Sergeant Byrd and give him a thumbs up.I told Captian Miller
loudly /"I see that thumbs up,Miller!" and Sergeant Byrd turned his body fully
around and began walking backwards to E pod while looking at me and laughing at
me,and I told Sergeant Byrd "I'll see you in Court!".He just continued laughing
at me and went into E pod.I ask the Court to please order reviewal of this incident
using the camera data for this day and time.According to the I-47 major disciplinary
hearing record the hearing began at 9:54 a.m. on 9-12 and lasted for 21 minutes,so
the time when this thumbs up and Sgt. Byrd looking into the office and then turneing
around and wlaking backwards while laughing at me was between about 9:54 a.m.
and 10:30 a.m..I saw Captain Miller  through the reflection on the opened office
door,so if the hallway cameras did not catch him directly perhaps they can or
did see the reflection of miller doing this aciton.There ar eno cameras in this
office,so only the cameras outside the office in the allway could possibly have
caught him.To prove this claim of mine is true,and thus to prove due process violations
and abuse of authority as well as retaliation,then when the camera shows Sergeant
Byrd walking by and looking into  the disciplinary hearing office please look for
direct or reflective evidence of this aciton.Why would a disciplinary hearing
officer,a Captain no less,give a Sergeant a thumbs up that caused the sergeant
to laugh at me right afetr I was railroaded in a disciplinary hearing for a false
disciplinary hearsing case thatw as instigated by the same Sergeant?This is a serious
issue,and desptie my attmepts to get this issue reviewed here on the unit level

Page 8 Memorandum of Law

noone wants to look into it,not beleiveing my claim of this,or not caring about
it.I was dneied the abiolity to get almsot anything into the recrod because of
Captain Miller rushing SO FAST through everything,as the hearing record would
provve.When Captian Miller was done he came to the office door  anmd becauise
I saw him coming I told him to bring all of my evidence with him to give back
to me,and he did,grabbing it all off the desk and handing it to my escort officer
Lee,who handed it back to me.Captain Milelr then waved at me and shut the opffice
door in my facxe as i was trying to talk to him.I returned to my cell.On 9-13
I sent out another flurry of letters to all offices informing them of the thumbs
up and the laughing and the way I was railroaded and denied due process in my
hearing,hoping SOMEONE would take the time to review the hearing record and camera
record,btu I never heard any repsonse to anything.On 9-14 I field a steop one
grievance on Sergeant Byrd for falsification of records and misconduct (originally
numebred #2024005757).Initially it was processed as a staff complaint grievance
and coded 899,which is an unprocessed or screened staff complaint grievance,and
the grievance was denied for screenign criteria "Submission in excess of 1 every
7 days." The grievance investigator asssigned to me,Investigator ID# 2943,Heatehr
Marrs,did not retunr this grievance to me as she was requreid to do,but held it
in her office and then without my knowledge processed it a few days later as
a Disciplianry Grievance,recoding it as a 400 code and renumebring it # 2024007870.I
never knew this grievance had been screeneds,much less changed from a staff complaint
grievance to a disciplianry apepeal grievance.The text iof the grievance said
"This is on Sergeant Brice Byrd for Falsification of Records and Misconduct,in
contravention of penal codes 37.09 and 37.10,and PD-22 ruled 10 and 37 for falsifying
an I-203 dated 9-4-2023 that at 5:05 p.m. places me on ,multiple restrictions
for an incident that according to major didssciplinary #20240001152 didn't occur
until 25 minutes later at 5:30 p.m.After placing me on initial restricitons,Sergeant
Byrd had the duty to forward it tothe Restrctive Housing Committee for review
and further determination,and instead of doing this,Sergeant Byrd filled out the
entire  form himself,including writing in the names of the other two RHC memebrs
(he himself by his signature being one as well),as evidenced by the exact same
writing slant and style,in order to ensure that I remained on all restricitons
for as long as possible.In Seciton II. of the I-203,Sergeant Byrd attests by
his signature that he wrote the text under 'Reason For Placement'[on Restrictions].

In Section III. of the I-203,which should've been filled out by the other RHC,you
can easily see that Sergeant Byrd filled out EVBERYTHING as the wiritng is the
exact same s in section II.If you look to Captain McLoughlin's name,you will also
see it is the EXACT same wirint as everyhing else is,as is the name of the remaining
RHC memebr Lieutenant Capps.Further,if you review the 9-4-2023 SM-01.29 Food Loaf
Restriction Approval Form you will see Lieutenant Cpps' name in her actual writing,
and it is nothing at all like the wiring of her name on the I-203.Nowhere does
policy state the RHC can consist of only one person,and by forging the names of
the RHC Sergeant Byrd misrepresentend the fact that he was doing the entire form,
thereby constituting fraud and resulting in the misconduct of falsificaiton."
For Action Requested to resolve my complaint.I wrote "The 9-4-2023 I-203 and SM-01.29
reviewed to investigate this issue,and Sergeant Byrd to be dealt with according
to PD-22." At no timedid I request relief from any punishments  from my 9-12 disciplinary
hearing,and in fact the only reference I made to the disciplianry case was to
show that while I was placed on restrictions at 5:05 p.m. the case supposedly
didn't even occur utnil 5:30 p.m..Well,on 9-21 I attmepted to fiule my Disciplinary
Appeal and it was screened and returned to me by the grievance office saying that
I had already  field my disciplianry appeal,which I HAD NOT DONE.But I was unaware
that my staff complaint grievance on Sergeant Byrd had been screened and repoocessed
as a disciplinary appeal.Because I have to presetrve certain things in my Step
One,and I was not allwoed to properly file my dsiciplianry appeal,I was deprived
of the right to present requests for preservaiton of certain things in my appeal.Oh,and
I had also sent I-60 requests to the counsel substitutes and disciplianry hearing
offices requesting a hearing record review prior to filing my disciplianry eappeal,but
I never heard back from either office and nor wa  a eharing record review ever
conducted for me.I later filed grievance # 2024014250 abotu the denial of hearing
record review.It was claimed that the disciplianry hearing office nor counsel
substitute offices ever recieved my requests asking for hearing record revieww.These
offices no doubt destroyed these requests in order to deny me my ability to review
the eharing record.As a result,I was unable to use evidence from the hearing record
to appeal my disciplinary case charge and punishments.I will nto attach all of
these documents as they are voluminous,but they are lal available to the Court
for review if desired.I tried everything I could to appeal my hearing,and when
the step one that was processed as the appeal was recieved and denied I filed
the step two anyways and it too was denied at the step two level.

It has been proven that the longer an inmate is confined to the segregation or as it is now claied in Tecxas the Restrictive Housing environemt that that the greater the chance of that inmate succumbing to some mental health illaess.I have been continually confined to this segregation environment for 23 eyars and I have a libery interest in my mental health,and thus I have a liberyty interest in having this disciplinary case overturned and dismissed as TDCJ uses and will continue to use this discipplinary case against me as jsutificaiton to remian me in segregation indefinitely.I have already done TWENTY-THREE YEARS in this harsh environemt.I beleive a proper reviewal of this case would result in overturning/dismissal and expunction of the chagge,which would result in the retunr of my SAT 4 custody status,which could expedite my release form segregation.When I saw State Classificaton Committee in ### ddecember 2023 I was told I would not be considered for release because of my low line class,and when I saw State Classificaiton Committee in March 2024 I was told the exact same thing and again denied release from this harsh environemt,so the reduction in line class id did and DOES negatively affect me.The incident where Captian Miller gives Sergeant Byrd the thumbs up and where Sergeant Byrd was laughing at me CAN and Should be investigated to prove that there was MALICE in this entire case.Onlty this Court can order anmd require release of the different tapes of this and the hearing record tape and I ask that this Court please Order this done,.Proper investigation would PROVE there was personal involvement.In the entire process Captain Miller flouted the process and did not follow procedures regarding disciplinary hearings.The facts of this case were in dispute and the Courts in Edwards v. Balisok,520 US 641,646-647,117 SCt 1584 (1997) have ruled that when witnesses can corroborate the accused inmate's claim and they are denied then due process id denied.The prepondernace oif the evidence supports a factual finding of innocence in this case.Camera reviews will show that Officer Seals is 6'3" in height and weighs about 300 pounds and that when he picked up my tray he did not seem to be threatedned in any way at all and he walked close to my cell and within arms reach,which he ould not have doneif I was acting as aggressive as he claims I was by making such a threat..Time accoutns conflict in several areas and can disprove the claims of the threat made by Officer Seals.This evidence taken together wqould show that I am less likely to be guilty than innocent.My witness ISS Medina would have proven that she had my stamps with her on the pod,which would dispute officer Seals' claim that I would even need to tell him to "Go to commissary" and get my stamps,sicne my stamps weren't in commidssary but wer with the commissary lady on the pod.When she brought my stamps

on 9-5 she told me that when she went back to my cell later to give me my stamps I had already been rolled to F pod and was told by Ofcicer Seals that I began to act a fool over the stamps not being given to me,which was a lie.Sergeant Schroyer would have proven that Sergeant Byrd never told him during turnout at dshiftcvhange about any threat I supposedly made or haiving a towel over my door,which information WOULD have been transferred to Sergeant Schroyer if true because of the serious nature of the claim.

lastly,I would like to state that because of my extremely low Educational Average score I am unable to represent myself in even internal TDCJ disciplinary hearings and that it would be unfair of the Courts to expect me to be able to properly represent myself in such a convoluted case as this where evidence of misconduct by high ranking supervising officers WILL be hiddne,as there is systemic corruption occurring on the James V. Allred unit.Please take a generous view of my claim and please assign me a court appointed attorney to assist me in this issue.Thank you very much for your time.This is all true and correct under penalty of perjury.

Rickey Pearson    # 1115020

Date : March 25,2024

I have been Continuously confined to Administrative Segregation ("Restrictive Housing") for over 23 years and I was denied Release from Seg. by the State Classification Committee in December 2023 as well as on March 19, 2024 due to "Line class being too low", said Line class demoted as a result of this bogus Case, so this disciplinary Case IS preventing my release, and as a result is potentially affecting my mental health. I have a liberty interest in my mental health.

Rcvd. p.m. mailcall 6-20-2024

# RESPONSE TO YOUR WRITTEN REQUEST

Inmate _Pearson, Rickey_____ TDCJ#_ 1115020 _ House_ 12C-09 _

The Law Library received your request on ___ 6-19-24 ___and this is our response:

___ Hello, I only changed you .40 you cant get the I-203
not on holding list, you may have a copy of the I-47MA
Will need the GRV # to get it printed for you.
Here is a new I-125
                         MSG.

Rcvd. p.m. mailcall 6-20-2024

Ms. Grantom: I got 2 copies of my disciplinary case from 9-4-2023 (well, the hearing on 9-12) - at .10¢ per copy that's only .20¢. I approved withdrawal of .40¢ for copies - where are my two copies of the fronts of ~~copies~~ I-203 ~~the~~ placement on Restriction form from 9-4-2023? I need these copies, otherwise I need a refund of .20¢, Thank you. (CC)

You will get a refund for 20¢.
You can't have the copies of the I-203
that you requested

JUN 1 8 2024

Rickey Pearson #1115020    12C-9 cell    6-17-2024

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE   NORTHERN   DISTRICT OF TEXAS

### WICHITA   DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

RICKEY DELWIN PEARSON JR.
PETITIONER
(Full name of Petitioner)

TDCJ-CID JAMES V. ALLRED UNIT
CURRENT PLACE OF CONFINEMENT

vs.

# 1115020
PRISONER ID NUMBER

BOBBY LUMPKIN
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.     Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.     Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.     Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☐     A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-25)
probation or deferred-adjudication probation.

☐     A parole revocation proceeding.     (Answer Questions 1-4, 13-14 & 20-25)

☒     A disciplinary proceeding.     (Answer Questions 1-4, 15-19 & 20-25)

☐     Other:_____     (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.     Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __411TH DISTRICT,__

__SAN JACINTO COUNTY,COLDSPRING ; MURDER-LIFE WITH PAROLE__

2.     Date of judgment of conviction: __AUGUST 22, 2002__

3.     Length of sentence: __LIFE WITH PAROLE ELIGIBILITY__

4.     Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __MURDER-DOCKET UNKNOWN (DISCIPLINARY ONLY)__

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty  ☐ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☐ Jury  ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☐ No

8.  Did you appeal the judgment of conviction?  ☐ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    _____ Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)?_____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised:_____

    _____

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☐ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes        ☐ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?     ☐ Yes     ☐ No

**Parole Revocation:**

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     ☐ Yes     ☐ No

        If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?
        ☒ Yes     ☐ No

16.     Are you eligible for release on mandatory supervision?     ☒ Yes     ☐ No

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
        James V. Allred Unit 2101 FM 369 North,Iowa Park,Texas 76367

        Disciplinary case number:  # 20240001152

        What was the nature of the disciplinary charge against you? Threat to Officer

18.     Date you were found guilty of the disciplinary violation:  September 12, 2023

        Did you lose previously earned good-time days?     ☒ Yes     ☐ No

        If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
        180 days good time loss

        Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
        Foodloaf 7 days,State Property 3 days,Personal Property 7 days,1A to 3A Level

        demotion,Recreation 15 days,Commissary 60 days,SAT 4 to Line 2 Line class

        demotion,Removal from Faith-Based Dorm,Used to justify continuance in Seg.

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
        ☒ Yes     ☐ No

        If your answer to Question 19 is "Yes," answer the following:

        Step 1  Result:  GUILTY  VERDICT UPHELD (Grievance Miscoded by Investigator)

Date of Result: __October 10, 2023__

Step 2 Result: __GUILTY VERDICT UPHELD__

Date of Result: __December 20, 2023__

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** __ACTUAL INNOCENCE__

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I-203 Placement on Restriction form filed by Supervisor Sergeant Brice Byrd placed me on multiple restrictions for the alleged threat at 5:05 p.m.- 25 minutes BEFORE the incident supposedly occurred as per charging officer Todd Seals Off3ense Report which states threat was at 5:30 p.m. Supervisor's I-203 directly contradicts charging officer.

B.  **GROUND TWO:** __ACTUAL INNOCENCE__

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Offense Report,which is the basis of the disciplinary case and an official TDCJ document,states I made threat at 5:30 p.m.,but JA 12 B C 1 row Camera shows I was escorted off the pod BEFORE 5:00 p.m.,so I could not have possibly been on pod at time of alleged threat.Camera evidence directly contradicts charging officer.

C.    **GROUND THREE:**    DUE PROCESS VIOLATION

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel Substitute Paige Carter failed to question all witnesses I requested and she and DHO Captain Miller limited me to one inmate witness because "inmates lie".I needed witnesses ISS H. Medina,Sgt. Byrd,Sgt. Schroyer and all inamte witnesses to disprove all elements of the charge.CS Allicia Rieck failed to object to denial of all witnesses.

D.    **GROUND FOUR:**    DUE PROCESS VIOLATION

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

I was denied ability to preserve request in Step 1 for hearing record review, which request is necessary for proper reviewal of the hearing at Step 2 level, as a result of grievance investigator Heather Marrs misprocessing a Staff Complaint grievance as my Disciplinary Appeal,thereby denying me due process.

[See Additional Pages after this for more Grounds]

21.    Relief sought in this petition:    Overturn disciplinary decision,Good time returned, SAT 4 line class returned,expungement of disciplinary case from prison record, sanctions against Charging Officer Todd Seals-Sergeant Brice Byrd-Counsel Substitutes Paige Carter and Allicia Rieck-Disciplinary Hearing Officer Captain Cody Miller-Grievance Investigator Heather Marrs-Grievance Supervisor David Ivey to COMPEL future Due Process for all disciplinary actions.

E. GROUND FIVE :                    DUE PROCESS VIOLATION

Supporting Facts :

Charging Officer Todd Seals gave contradictory testimony,stating in his opening
statement that I made the threat when he was at my door getting my tray,and then in
answer to a question from me he stated I made the threat when he came 'back' to my
cell 'later'.He NEVER returned to my cell at all.When I brought up the discrepancy
to Disciplinary Hearing Officer Captain Cody Miller,Captain Miller claimed I was lying.
There was no objection by Counsel Substitute Allicia Rieck.


F. GROUND SIX :                    DUE PROCESS VIOLATION
Supporting Facts :
Disciplinary Hearing Officer Captain Cody Miller arbitrarily altered the time of the
incident from 5:30 p.m. to 5:10 p.m. on the Offense Report written by Charging Officer
Todd Seals and the Disciplinary Report in order to reconcile the time contradictions
simply so that he could still find me guilty,regardless of nonfrivolous evidence to the
contrary,and deny me the ability to use the nonfrivolous exculpatory evidence to have
the disciplinary decision overturned through the internal grievance system.


G. GROUND SEVEN :                    DUE PROCESS VIOLATION
Supporting Facts ;
Summation/Mitigation prevented by Disciplinary Hearing Officer Captain Cody Miller,
without objection from Counsel Substitute Allicia Rieck.

H. GROUND EIGHT :                    DUE PROCESS VIOLATION
Supporting Facts :
Hearing Record Review denied by Disciplinary Hearing Office and Counsel Substitute
Office and the result was I was unfairly deprived of my right and ability to properly
prepare and file my disciplinary appeal.


I. GROUND NINE :                    DUE PROCESS VIOLATION
Supporting Facts :
Disciplinary Hearing Officer Captain Cody Miller refused to allow me to give defense
statement,demanding only yes / no answer to the threat charge.I was not allowed to
develop my case/defense,state chain of events,present nonfrivolous evidence,without
objections by Counsel Substitute Allicia Rieck.

J. GROUND TEN :                          DUE PROCESS VIOLATION
Supporting Facts :
Disciplinary Hearing Officer Captain Cody Miller refused to allow pursuance of
nonfrivolous exculpatory evidence from Charging Officer Todd Seals through follow-up
questions,and refused to allow me to question witness Inventory Store Specialist
Haley Medina about nonfrivolous exculpatory evidence,when Ms. Medina would have
provided information that directly contradicted the threat charge.There was no
objection by Counsel Substitute Allicia Rieck.


K. GROUND ELEVEN :                       DUE PROCESS VIOLATION
Supporting facts :
On September 9,2023 Disciplinary Hearing Officer Captain Cody Miller and Counsel
Substitute Allicia Rieck conducted an off-record 'pre-hearing' where in-depth defense
evidence was solicited by Captain Miller,without Counsel Substitute Rieck objecting.


L. GROUND TWELVE :                       DUE PROCESS VIOLATION
Supporting facts :
Step 1 Grievance Investigator Heather Marrs processed a staff complaint grievance as
my disciplinary appeal in order to deny me the ability to properly appeal the
disciplinary decision.Said action was evidenced by original processing of the 'appeal'
grievance as a Staff Complaint,screening it,holding it for several days,and then
processing it as my disciplinary appeal.This was arbitrary and done for malicious
reasons in order to deny me due process.


M. GROUND THIRTEEN :                     DUE PROCESS VIOLATION
Supporting Facts :
The Penalties imposed by Disciplinary Hearing Officer Captain Cody Miller were too
severe,where there was nonsubsequent violations and a clear disciplinary history for
the previous 2.5 years.Mitigation evidence was not heard or considered during penalty
imposition phase.There was no objection by Counsel Substitute Allicia Rieck.


N. GROUND FOURTEEN :                     DUE PROCESS VIOLATION
Supporting Facts :
Disciplinary Hearing Officer Captain Cody Miller refused to allow me to ask 20 of 28
questions to the charging officer Todd Seals when all questions were nonfrivolous and
designed to prove that the claim of a threat was a malicious lie that Sergeant Brice
Byrd convinced or compelled the charging officer to lie simply to hurt me.

O. GROUND FIFTEEN :                    RETALIATION

Supporting Facts :

This case and punishment was a result of retaliation by Sergeant Brice Byrd and Officer
Todd Seals for my work with prison reform organizations,prison reform efforts,advocacy
on my behalf by prison reform organizations (one of which personally spoke to Sergeant
Byrd about me and Sergeant Byrd was antagonistic toward them about me) ,my chronic
grievance filing when policies are violated here on the James Allred Unit,and dislike
of me for having had personal interviews with two TDCJ Directors,the Medical Director,
the Region 5 Regional Director,and three officials from the Office of the Independent
Ombudsman related to multiple violations and systemic corruption on the Allred Unit.


P. GROUND SIXTEEN :              DUE PROCESS VIOLATION

Supporting facts :

Disciplinary Hearing Officer Captain Cody Miller rushed my disciplinary hearing in order
to deprive me of due process rights and a fair and impartial eharing ; I could scarcely
get a word in edge-wise because he was talking so fast and running over my words as
evidenced by the hearing record.Disciplinary Hearing Officer Miller failed to abide by
hearing procedures.Captain Miller simply wanted to punish me for Sergeant Byrd,and
actively and aggressivley hid / covered exculpatory evidence.


Q. GROUND SEVENTEEN              RETALIATION

Supporting Facts :

After the disciplinary hearing was concluded,Disciplinary Hearing Officer Captain Cody
Miller gave Sergeant Brice Byrd a thumbs-up as Sgt. Byrd passed behind me and then
Sergeant Byrd turned around and began walking backwards and laughing at me,as I stood
outside the office door.I saw Captain Miller give this thumbs-up to Sgt. Byrd through
the glass reflection on the opened office door,and I believe the hallway cameras also
caught this either directly or from the reflection the same way I saw it.


R. GROUND EIGHTEEN               DUE PROCESS VIOLATION

Supporting facts :

Counsel Substitute Allicia Rieck failed to represent me at all,failed to object to
exclusion of witnesses,failed to object to other violations,failed to defend me,failed
to ask questions or object when Disciplinary Hearing Officer Captain Cody Miller asked
questions instead of let her,and she was prevented from giving summation/Mitigation or
objecting to such denial.

S. GROUND NINETEEN :                    CONFLICT OF INTEREST

Supporting Facts :

Everyone involved in this disciplinary case is conencted with each other through friendship,kinship,or romantic involvement.Sergeant Brice Byrd is Officer Todd Seals' direct Supervisor,Sergeant Byrd is friends with Disciplinary Hearing Officer Captain Cody Miller,Sergeant Byrd is romantically involved with Counsel Substitute Allicia Rieck ,Counsel Substitute Rieck is the niece of Unit Grievance Office Supervisor David Ivey and Mr. David Ivey is Grievance Investigator Heather Marrs' direct Supervisor, Mr. David Ivey is also the father of Counsel Substitute Supervisor Sean Ivey who is Counsel Substitute Rieck's direct Supervisor (and David Ivey is married to Human Res- ources Program Supervisor Wanda Ivey).Both Counsel Substitutes Ivey and Rieck work directly with Disciplinary Hearing Officer Captain Miller in the same office and in an intertwined capacity.Sergeant Byrd wanted to teach me a lesson as he threatened to do,and so he used his connections with these people and offices to ensure that I was punished all the way through the process,since HE placed me on multiple restrictions and demoted my level,his girlfriend Rieck was supposed to represnt me in the disciplinary hearing,his friend Captain Miller wanted to screw me over for Sgt. Byrd,and the Counsel Substitute office was supposed to be my advocate and nonrepresentation was that office's way of helping to screw me over for Sgt. Byrd.With all these conflicts of interest I was not properly represented at all,the hearing was partial and unfair,the severe restrictions by Sgt. Byrd and punishments by Captain Miller were upheld,etc.I never had a chance,and there was more than enough incentive to work together to deny me due process in an unContitutional manner.

22.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    ☐ Yes    ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes    ☐ No

23.    Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes    ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

All Grounds were presented in my Step 2 grievance and not the Step 1 due to

the misprocessing of a staff complaint grievance on a seperate issue as my

disciplinary appeal by Investigator Heather Marrs.

24.    Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.    N/A

25.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing:    Counsel Substitute Allicia Rieck

(b)    At arraignment and plea:    Counsel Substitute Allicia Rieck

(c)    At trial:    Counsel Substitute Allicia Rieck

(d)    At sentencing:    Counsel Substitute Allicia Rieck

(e)    On appeal:    None

(f)    In any post-conviction proceeding:    None

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____None_____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Within One Year

_____

_____

_____

_____

_____

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

~~March 25, 2024~~_____ (month, day, year).

Executed (signed) on _March 24, 2024_____ (date).

_Rickey Pearson_____

Signature of Petitioner (required)

Petitioner's current address: __Rickey Pearson # 1115020 James Allred Unit___

___2101 FM 369 North , Iowa Park , Texas  76367   Wichita Copunty___

W. 4.5.20

CASE: 20240001152 TDCJNO:01115020 NAME: PEARSON,RICKEY DELWIN JR    EA: ①
DPMT:JA  HSNG: 12FF2  142 E    JOB: SEC DET LEVEL I    IQ: 110
CLSS: S4  CUST: 3A  PRIMARY LANGUAGE: ENGLISH  LMHA RESTRICTIONS: NONE
RDE: MA / KS  OFF.DATE: 03/04/23 05:30 PM  LOCATION: JA MISCELLANEOUS
TYPE: ID

5:10pm    R

OFFENSE DESCRIPTION
ON THE DATE AND TIME LISTED ABOVE, AND AT JA 12 E 33. INMATE: PEARSON,RICKEY
DELWIN JR, TDCJ-ID NO. 01115020, THREATENED TO INFLICT HARM ON OFFICER SEALS,
T. COIV IN THAT SAID OFFENDER STATED: "IF YOU DON'T GO TO COMMISSARY AND GET
MY STAMPS, I'M GONNA MAKE SURE YOU GET A SPEAR TO THE FACE."

CHARGING OFFICER: SEALS, T. COIV    SHIFT/CARD: 1 2

INMATE NOTIFICATION   INAPPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 7:02am 9.6.23  BY:(PRINT) P. Carter
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARINGS? YES, NO  IF NO, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY)  yes
INMATE NOTIFICATION SIGNATURE: X Rickey Pearson    DATE: 9.6.23
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
INMATE WAIVER SIGNATURE: X Rickey Pearson    DATE: 9.6.23

HEARING INFORMATION
HEARING DATE: 09-11-23 TIME: 9:54A UNIT JA FOLDER D FILE 141 DSFILE 240 741
COUNSEL SUBSTITUTE AT HEARING:  AR  FOLDER___ FILE___ DSFILE___
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING,(2) IF ACCUSED INMATE WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS (7) THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) ⑦ A/O Days Off
④ Denied Mrs. Meadors As Witness Due to She Was Not
INMATE STATEMENT: I Did Not Threaten Him    Present When The Incident Took Place.

OFFENSE CODES:    04.0
INMATE PLEA: (G, NG, NONE) | NG | | | | | |
FINDINGS: (G,) NG, DIS)  G
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: (A) Officer's Report, (C) Telephone Testimony Of
Officer Seals, T CO IV

PUNISHMENT
LOSS OF PRIV(DAYS)___   REPRIMAND............___   TABLET (DAYS)........___
*RECREATION(DAYS) 45   EXTRA DUTY(HOURS).....___   REMAIN LINE 3.....___
*COMMISSARY(DAYS) 60   CONT.VISIT SUSP.THRU__/__/__   REDUC.CLASS FROM S4 to L2
*PROPERTY(DAYS)..___   CELL RESTR(DAYS)......___   GOOD TIME LOST (DAYS) 180
OTS(DAYS)......___   SPECIAL CELL RESTR(DAYS)..___   DAMAGES/FORFEIT.$___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Seriousness Of Offense, Modify Behavior

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) NA  NO /(N/A) 2
DATE PLACED IN PRE-HEARING DETENTION: N/A  HEARING LENGTH 00 (MINUTES)
INMATE SIGNATURE FOR RECEIPT OF FINAL REPORT: Hand Cuffed
C. Miller ___    Warden ___
HEARING OFFICER (PRINT)  WARDEN    REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-18) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

I-210 And I-47MA Modified At Hearing
By O/O To Reflect The Correct Time Of
5:10 pm From 5:30 pm

(Left margin, rotated text:)
Re: To Act; Arguments #14, 15, 20, 21, 2
To A/O; Due To Act Questions #12, 13, 14, 15, 20, 21, 2
To A/b Due To Act Questions #4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15,
Due To Being Irrelevant #4, 5, 7, 8, 9
To Redundant #9 Denied Questions
⑥ Denied Questions To A/O Due To Being Irrelevant To
⑥ Denied Questions To Due To A/b

Copy of  I-203
(Yellow page in Original packet)
to go here.

Please Copy and place
in this packet.

I certify I'll pay copying cost of
this one page under penalty of
perjury.

Richey Pearson



# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2024007870

Date Received: SEP 19 2023

Date Due: OCT 19 2023

Grievance Code: 400

Investigator ID #: I2943

Extension Date: _____

Date Retd to Offender: OCT 11 2023

Offender Name: Rickey Pearson          TDCJ # 1115020

Unit: JA          Housing Assignment: 12F- 28

Unit where incident occurred: JA

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Dishman via I-60          When? 9-8-2023

What was their response? None

What action was taken? None taken by Dishman ; I'm filing          SEP 14 2023

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This is on Sgt. Brice Byrd for Falsification of Records and misconduct,in contravention of penal codes §§37.09 & 37.10,and PD-22 Rules 10 and 37 for falsifying an I-203 dated 9-4-2023 that at 5:05 p.m. places me on multiple restrictions for an indictment that according to major disciplinary # 20240001152 didn't occur until 25 minutes later at 5:30 p.m. After placing me on initial restrictions,Sgt. Byrd had the duty to forward it to the Restrictive Housing Committee for review and further determination, and instead of doing this,Sgt. Byrd filled out the entire form himself,including writing in the names of the other two RHC memebrs (he himself by his signature being one as well), as evidenced by the exact same writing slant and style,in order to ensure that I remained on all restrictions for as long as possible. In Section II. of the I-203,Sgt. Byrd attests by his signature that he wrote that he wrote the text under 'Reason for Placement' [on restricti-ons].In Section III. of the I-203,which should've been filled out by the RHC,you can easily see that Sgt. Byrd filled out EVERY-THING as the writing is the exact same as in Section II.If you look at Captain McLoughlin's name,you will see it is also the EXACT same writing as everythign else is,as is the name of the remaining RHC member Lieutenant Capps.Further,if you review the 9-4-2023 SM-01.29 Food Loaf Restriction Approval Form you will see Lt. Capps' name in her own writing,and it is          SEP 14 2023

---

nothing at all like the writing on the I-203.Nowhere does policy

state the RHC can consist of only one person,and by forging

the names of the RHC Sgt. Byrd misrepresented the fact that

he alone was doing the form,thereby constituting fraud and

resulting in the misconduct of falsification. (CC)

SEP 14 2023

*Last Regular Grievance filed on 9-7-2023*

SEP 14 2023

Action Requested to resolve your Complaint.
The 9-4-2023 I-203 and SM-01.29 reviewed to investigate this issue,and

Sgt. Byrd to be dealt with according to PD-22.    SEP 14 2023

Offender Signature: _Rickey Pearson_                    Date: 9-14-2023

Grievance Response:

"Your allegations were considered.However,the investigation of Disciplin-
ary Report # 2024001152 shows that sufficient evidence was presented at the
hearing to justify the finding of guilt and the penalties imposed by the
Disciplinary Hearing Officer (DHO).No significant procedural or technical
errors were noted.This is for your informaiton.No further action is warranted."

Signature Authority: ___C. Wiedau., Asst. Warden___            Date: OCT 10 2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

Returned because:        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☒ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # __H. Marrs__

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY |
| --- |
| Initial Submission        UGI Initials: __HM__ |
| Grievance #: __2024005757__ |
| Screening Criteria Used: __899 , 02__ |
| Date Rec'd from Offender: __SEP 14 2023__ |
| Date Returned to Offender: __SEP 14 2023__ |
| 2nd Submission        UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Rec'd from Offender: _____ |
| Date Returned to Offender: _____ |
| 3rd Submission        UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Rec'd from Offender: _____ |
| Date Returned to Offender: _____ |

I-127 Back (Revised 11-2010)

Appendix F



## Texas Department of Criminal Justice

# STEP 2

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2024007870 |
| UGI Recd Date: | OCT 17 2023 |
| HQ Recd Date: | OCT 20 2023 |
| Date Due: | 11-16-23 |
| Grievance Code: | 400 |
| Investigator ID#: | I2960 |
| Extension Date: | DEC 16 2023 |

Offender Name: Rickey Pearson          TDCJ # 1115020

Unit: JA          Housing Assignment: ~~12-F---28--~~

Unit where incident occurred: JA

12C-09

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).     *I am dissatisfied with the response at Step 1 because...*

I object to the processing of this grievance as a disc. appeal and the deprivation of due process that resulted.Grievance#2024009108 should've been processed as my disc. appeal instead of this #2024007870,but #2024009108 was screened and returned by UGI Marrs.She originally coded #2024007870 as 899 (Screened#2024005757),then held the I-127 and submitted it herself,renumbering it #2024007870 and recoding it 400 to process as a disc. appeal.This was intentionally done to deny me due process.I have several reasons for appeal,the most important of these following that collectively provide justification for overturning of disc. case #20240001152,or for screened grievance #2024009108 to be printed out by JA UGO and processed as the disc. appeal as appropriate.Review hearing recording for disc.#20240001152, camera record reviewed for 12BC133 @ 4:30-5:10 p.m. on 9-4-2023,Review I-203 from 9-4,

all other documentary evidence.CO Seals (charging officer) gave contradictory testimony during questioning regarding threat;contradictory I-203 which states I threatened at 5:05 p.m. and not 5:30 p.m. as case alleges;exclusion of witnesses;DHO arbitrarily altering time of case from 5:30 p.m. to 5:10 p.m.;hearing record review denied by CS office;20 of 28 questions excluded by DHO;Summation/Mitigation prevented by DHO;DHO rushed hearing; CS Rieck failed to defend me or object to violations;not allowed to read defense or my own mitigation statements;DHO refused to let me give statement;Housingon case incorrect; failure to note on recording of 24 hour waiver;witnesses denied by DHO;witnesses not interviewed by CS;hearing procedures not followed by DHO;DHO refusal to allow pursuance of non-frivolous exculpatory evidence from charging officer Seals;Case written at 5:30 p.m. but 12BC1 cameras show me OFF POD at 5:00 p.m.;Sgt. Byrd on I-203 claims I made threat at 5:05 p.m.-I-203 directly contradicts charge;DHO

I-128 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix G

prevented stipulated testimony;DHO gave Sgt. Byrd thumbs up after finding of guilt;DHO

Miller had his body camera turned off;Penalty too severe-nonsubsequent violation,

2 + years clear disciplinary history;mitigation evidence not considered;Hearing not

fair or impartial.Please overturn this case,and investigate UGI Marrs and Ivey

seperately for their violaitons in processing #2024007870 as a disc. grievance when it wasn't./

Offender Signature: _Kibey Seasure_____ (CC)    Date: 10-18-2023

Grievance Response:

"An investigation has been conducted by the Central Grievance Office.Major Disciplinary
Case # 20240001152 has been reviewed.The 04.0 was appropriate for the offense and the
guilty verdict wsa supported by a preponderance of the evidence.All due process
requirements were satisfied,and the punishment assessed by the Disciplinary Hearing
Officer was within agency guidelines.No further action is warranted by this office."


H.M. Pederson


Signature Authority: H.M. Pederson signed name here    Date: DEC 20 2023

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)    Appendix G

MEMORANDUM OF LAW

This Memorandum pertains to TDCJ Disciplinary Case #20240001152, written by charging Officer Todd Seals on September 4, 2023 for Threatening to Assault an Officer. I am untrained legally with no education and a 0.1 Educational Average and I ask the Court to view my Statement of events here in the light most favorable to me. I do not know the Law, and so this 'Memorandum' will merely be a statement of the full events revolving around this disciplinary case. Thank you.


On September 4, 2023 at 10:00 a.m. on Labor Day, Inventory Store Specialist (ISS) Haley Medina delivered commissary to me on 12 building B pod 1 row at 33 cell. She gave me all commissary ordered except my thirty stamps, but she told me she would bring my stamps back later when she returned to deliver two row's commissary. Around 4 p.m. she returned with two row's commissary, and Ms. Haley, who was on two row, hollered down to me that she had my stamps with her in a flat brown paper sack but that she could not find them at the moment, but that after she finished commissary on two row she would bring my stamps to me. About 4:15 p.m. I saw 12 B pod rover officer Todd Seals walking around by the central picket and I called him to the B pod C section crash gate. I asked him to please step to the other side of the pod and remind Ms. Haley about my stamps before she left the pod. Officer Seals' response was "I'm not your fucking lapdog!" I left it alone, stepping out of my cell door. Shortly thereafter Seals came around picking up dinner trays. When he opened my slot I gave him my tray and stuck my hand out to prevent him from shutting my slot, and I requested he call a Supervisor for me to speak to. He grabbed my tray from me and told me "Go ahead and jack the slot, I don't care." He never ordered me to pull my hand back in or otherwise relinquish the slot. He put my tray in the tray barrel and continued picking up trays from the other inmates. I told him he was violating policy by leaving my food slot unattended while it was still open. He ignored me. After finishing retrieving trays on my section he went through the crossover door to B section and picked their trays up as well, and then he left the pod with the tray barrel. I began trying to call my brother. My brother and I have an understanding that I cannot call him before 5:30 p.m. unless it's an emergency because he works until that time. The time now was around 4:30 p.m. My brother did not answer his phone, and I was frustrated because he and I had that understanding that if I called before 5:30 p.m. it would be over something urgent.

This is why the time is so prominent in my mind in this incident and why I know for sure that I was calling before 5:30 p.m. I had the occasion to check the clock frequently as I tried to get through to my brother.Around 4:45 p.m. Sergeant Brice Byrd entered my section along with officers Filiberto Delgado,Nathan Callison,Markeis Lee,Victor Gamboa,and Officer Seals.Seals went and stodd on the staircase,which Sergeant Byrd tried to show Gamboa how to operate the camera.I knew I was about to be demoted in level.I tried to talk to Sergeant Byrd and he ignored me.I told Sergeant Byrd to come close my slot and he angrily told me "It's too late for that!" I asked him if he was rolling me (dropping my level) and he said "You're damn right I am!You're on THIS pod (that is,the Christian faith-based pod) acting like this by jacking my slot?Yeah,you're getting rolled!" I told Officer Seals,who was still standing on the staircase "Man,myou could've jsut reminded Ms. Haley about my stamps,you didn't have to do all this." His response to me was "I already told you,I'm not your fucking lapdog!" Officer Gamboa got the camera working and Delgado and Callison came to my cell door,telling me to strip out and cuff up or I'd be peppersprayed.I complied.I was then escorted directly to 12 F pod 82 cell,which is a level three cell.Before cessation of the Use of Force video but after removal of the hand restraints I hollered on camera "I'm feeling suicidal!I'm feeling suicidal!" Sergeant Byrd ordered termination of the use of force video and Gamboa turned the camera off.Sergeant Byrd then told me "Go ahead and kill yourself then." He then began wlaking down the stairs and over his shouder he told me "You wanna play games,I'm gonna fuck you over!" Everyone on two row heard the threat,as did all the officers who were with him who I named above.Shortly thereafter Officer Delgado,who was assigned to F pod,came around doing a security check and I asked him what time it was and he told me "5:00."He then told me "I didn't have anything to do with that,Pearson." A couple of hours later Sergeant Schroyer who works P.M. shift came to my cell and asked my statement on two cases, both of which were complete lies.One was for having a towel covering my cell door before I was rolled,whcih was untrue,and one for threatening officer Seals by supposedly telling him "You better go to commissary and get my stamps or I will make sure you get a spear to the face." There was NO slot jacking case.I was shocked, to say the least.I pleaded Not Guilty to both charges,and I vigorously commented on the cases to Sergeant Schroyer.I provided a list of witnesses for him to ask who could prove I was innocent of the charges.Sergeant Schroyer then stated to me thoughtfully, "I was told about you jacking a slot,but I don't know where these other cases came from." I interpreted that to mesan that he had been apprised

by Sergeant Byrd of me jacking my slot,but not about having a towel over my door
or my having threatened anyone.That is,jsut prior to all shiftchanges there is
a process called "Turnout" where the shift Supervisor will get with the newly
incoming shift Supervisor to relay important informaiton to that incoming Supervisor.
Apparently Byrd told him only about the slot case issue and not about the towel
or the threat.Sergeant Schroyer leftt my cell.On 9-5-2023 Ms. Haley (who was pro-
inmate and has recently been fired from TDCJ) brought my stamps in a brown paper
sack to my new cell,and the bag had written on it in black marker B-33,which is
where I had been rolled from the day before.That is,this was proof that Ms. Medina
had already filled my stamp order and had them with her on B pod as she stated.
Otherwise,if she filled my stamp order on the morning of 9-5 then the brown sack
would have said F-82.She gave me the entire bag,and I held it as part of my evidence.
On 9-5 I was moved from F-82 to F-67 cell.On 9-6 Counsel Substitute Paige Carter
came to my cell to notify me of a major disciplinary case for threatening an officer.
Th towel over my door case disappeared.I requested of Ms. Carter a full camera
review of the incident from 9-4 for 4 p.m. through 5:30 p.m.,becase this ALONE
would have completely exonerated me.I pleaded not guilty to the sharge.This camera
review would have exonerated me because charging officer Seals claimed I made
the threat at 5:30 p.m. but the camera shows I was escorted off the pod much earleir
than that,around 5:p.m. I was demoted for the threat I supposedly committed thrrty
minutes before I made the alleged threat!I also requested that Ms. Catter review
the  Use of Force camera so she sould see by the video date and time stamp that
I was being truthful and was offf the pod long before the time of the alleged
threat.I also requested witnesses of Sergeant Schroyer,Sergeant Byrd,ISS Medina,and
several inmates.I was instructed by Ms. Carter to only give her my three best
inmate witnesses,and I did.The inmates I named were in close proximity to my cell
and I was tlaking to them between trying to get ahold of my brother on the phone,so
they were completely and fully aware of everything that was going on,and could
all attest to the fact that I never made a threat at all or was even angry or
aggressive in anyw ay.That I did nothing mroe than jacked my slot.I had not at
that time received state document form I-203 placement on restriction  because
Sergeant Byrd mailed it to F-82 and I had been moved to F-67,so it took a day
to catch up to me.Because of this fact I was unable to show Ms. carter the time
discrepancy as proof of my innocence.The I-203 put mer on restrictions for a threat
at 5:05 p.m.,25 minutes BEFORE I supposedly even made the threat according to
the charging officer Seals.That night,on 9-6,I did receive that I-203 at mailcall.

I immediately noticed several things about it,to incldue in Section 11. where initial placement on restrictions is allowed,Seggeant Byrd,as verified by hois signature on the form,stated that I was placed on multiple restrictions as stated in the application that at '1705' (military time for 5:05 p.m.)I was placed on foodloaf,state and personal property restrictions for threatening to inflict harm on an officer,refusing or failing to obey orders & unauthorized use of state and personal property.I also noticed that every single word on the entire form-including the signatures of the other members of the Restrctive Housing Committee-had the exact same writing style and slant.It was clear to me that Sergeant Byrd was the SOLE author of the I-203,and that he himself made up the entirety of the restrictive housing committee,in direct violation of policy.On 9-7 I mailed in-depth letters with statements about the entire case with exoneration evidence to Counsel Substitute Paige Carter,Captain Barrerra,Major Dishman,Disciplinary Captain Cody Miller, Lieutenant Young,Major Schiwart,Assistant Warden Brian Reitsma,and Senior Warden Kevin Smith.I sent full statements to all of thes eindividuals becouse I was afraid that sergeant Byrd would attempt to deny me ability to attend my disciplinary hearing in order to further railroad me.I'm INNOCENT of this charge.Yes,i showed extremely poor judgment by jacking my slot,but eveyrthing that has resulted sincer then was from Sergeant Byrd's personal vendetta to do as he promised and to "fuck [me] over".Sergeant Byrd already hated me because my outside advocates have personally called up her eand spoke to him about violations committed by both him and the officers under him.I am also a chronic grievance filer and I-60 request writer,a complainer about my special therapeutic dietary trays,and Sergeant Byrd has or had the incentive to retaliate agaisnt me and screw me over.On 9-9-2023 I was pulle dout by Officer Johns and Graham to take me to major court,and they escorted me to the disciplinary hearing office in the 12 building hallway between E and F pods.I took with me the I-203 to show as proof that I am innocnt of the charge. Upon entering the office Coiunsel Substitute Allicia Rieck and Dsiciplinary Captain Cody Miller were present.Ms. Rieck,whow as supposed to be representing me,never looked at me or even spoke to me even one time.Captain Miller began spekaing to me in a fatherly kind of voide and asking me about my evidence.Because I thought he would be fair,I told him everything.He never looked at the I-203 but he did ask me several questions about it.This wasall off-record.Captain Milelr then told me to step outside the office so he could try to call Officer Seals at his home on his day off,and I stepped otusidee the office.Almost immediately Captain Miller

stepped in the doorway of the office and told me he could not get ahold of charging officer Seals and that he would reschedule me a hearing for the 11th.He then told me "I'm probably going to find you guilty because threatening an officer is a seriuous case." I told him "But I never made a threat to the officer.You're jsut going to find me guilty because he claims I did it?" captain Miller told me "Yes." I then told him "But that leaves room for abuse of authority!",and Captian Miller simply shook his head up and down as if to agreee with that.He then told me "I'm not going to allow your witenss statemtns becasue inmates lie."I toild him "officars lie,too!But you're going to jsut ebelive everyhting?" I then told him "I thought you said you were fair?" And captain Milelr then went back into the office after telling me to "Bring me that I-203 back on the 11th and I'll take a look at it."At this time he never did actually look at the I-203,and it remained in my hand ther entire time I was there despite me bringing the discrepancy to his attention.On my way back to my cell officer Johns told me "Looks like you are about to get screwed.Good luck when you go to court."I returned to my cell.About three hours later,still on 9-9,Sergeant Byrd made a security round on F pod 2 row and  as he passed by my cell I asked him "Why'd you play dirty like that the way you did?" Sergeant Byrd then told me "You better remember where you're at.I ain't trying to hear no king kong shit.You acted like A 3A when you jacked my slot,I'm gonna treat you like a 3A (Level ssystem 3A).I told him "I'll see you in Court!" and he told me "That's fine!".These words by Sergeant Byrd alone show the only actual issue of the whole thing was me jacking the slot.jacking a slot would not have gotten me demoted in level due to that kind of case being a level two offense and it being more than six months since my last infraciton,so to make sure it DID get me demoted Sergent Byrd had Offier Seals writ eme the threat case,and it worked.On 9-10 I sent out a flurry of letters to all offices I had previously wrote as well as some other offices in Huntsville.On 9-12 Officer Seals came to F pod 2 row to pull someone out for a disciplinary hearing and I told officer Seals"That's some messed up stuff you did,Seals!" "I only jacked my slot." Seals told me "Pearson,you are always complaining about your trays and making us fix them,you are a nuisance." I said "What?You did all that for Byrd only because or my tray-related issues?I'm STILL going to be complaining about my trays,that's not going to stop anything!"Seals then told me "Byrd's the one who wanted you rolled,not me."I told Seals "I already knew that,but it's still messed up that you would do that for him.I apologize to you for jacking the slot on you because I always deemed you a good officer and shouldn't have done that,but comeo on men..."

Offider Seals then took the inmate to his court hearing and when he returned I told him "It's ok,man,I'm not upset with you.It's only going to be a temporary thing,I'll get my level one back and get back up the hallway."Seals then told me "Just chill out and get your level one back and move up the hallway,man,I don't hold no grudges,you don't either."He then left the section and then the pod.On 9- 12 I was palled out for Major disciplianry court and was escorteed to the E/F hallway disciplinary office by officers Gamboa and Lee,both of whom were part of the original incident when I was falsely demoted on 9-4.In my hand I had the I-203 form showing desptie the case being written at 5:30 p.m. that I was placed on restrictions by Sergeant Byrd for the supposed threat  25 mintues before the threat,as well as the brown paper sack that said B-33 on it thatmy stampos came in,as well as packets  I stapled and labelled "My Defense","Calling of Witnesses- Why Testimony Needed","Witness Questions for Officer Seals","Witness Quesitons for H. Medina I.S.S. III","Witness Questions for Sergeant Schroyer","Witness Questions for Lieutenant Capps","Witness Questions for Sergeant Brice Byrd",as well as one for Captain McLoughlin.I also had a packet labelled "Plea For Leniency".Officer Lee grabbed the stack from my hand and placed it on the corner of the desk.Present in the office were Disciplinary Captain Cody Miller,Counsel Subsittute Richey,Counsel Substitute Rieck,as well as me and my two escorting officers.I asked "Which one of you ladies are representing me?" to CS Richey and she nodded toward CS Rieck to indicate it was CS Rieck who would be my counsel substitute.Despite Captain Miller telling me he would look at the I-203 when I brought it to court,he NEVER once looked at it,nor did CS Rieck.Captain Miller asked me "Why'd you bring a paper sack to my court?" and before I could answer CS Rieck siad "That's probably the bag his stamps were in" (remember I had already written all offices to tell them about this and the other evidence).Captain Mills rhad his body camera turned off,jsut like he did on 9-9,despite policy stating his body camera must be turned on when dealing with prisoners directly.I didn't mention it because I didn't want the Captain to kick me out of court.Captian Miller turned the tape recorder on and asked my name and number,which I stated for the record.He then read the charges into the record,and asked me my statement,and I began to give him my statement and the fuyll chain of events and he told me afgetr only a few words that he didn't want to ehar all that,that he only wanted a guilty or not guilty plea about making the threat.He refudsed to let me present nonfrivolous exoneration evidence.I told him "Not guilty",sicne that was all he let me do.At that time officer Seals entered the disciplinary hearing office and Captian Miller asked him to state what happened and Seals stated he was picking up trays and when he got my tray I told him he better go to commissary and get my stamps or else I'd make sure he got a spear to

the face.That he then waled away from my cell,told Sergeant Byrd,etc.Because I
had already previously made Captian Miller aware of the time discrepancy by my
written statements to his office and the 9-9 prehearing or whatever that was,he
took it upon HIMSELF to ask Officer Seals "Is there a possibility that##you##made#
he made the threat  earleir than 5:30 p.m. as claimed?",and Officer Seals calmly
stated "Yes,it was closer to 5:05 or 5:10 p.m." Captain Miller then arbitrarily
changed the time on the offnese report and the I-47 major disciplinary hearing
report to reflect the offense was at 5:10 p.m.--in attempt to get the time of the
chagge closer to Sergeant Byrd's 5:05 p.m. time in order to reconcile the discrepancy
to deprive me of my exoneration evidence and due process.I was allowed to ask
questions of the charging officer and I told Ms. Rieck that my questions for the
officer were in the stack of papkets on the desk,that was labelled "Witness Questions
for Officer Todd Seals".Captian Miller then got my packet of questions and of
the @ 28 questions Captain Miller denied 20 of them.My questions were all relevant
and specifically designed to catch officer Seals in lies,and even though Captian
Miller denied so many questions one of them was answered by Officer Seals that
after he got my tray he later returned to my cell and THATw as when I made the
threat.During folowup quesitoning I pointed out the discrepancy in testimonty
to Captain Miller,telling him that Seals had first in his statement stated I made
the threat at my door as he got my tray,and then how now he was saying I threatened
him when he later came back to my cell (he NEVER did come back toi my cell at
all once he got my tray,so that was a blatant lie again),and Captain Miller told
me "That's # not what he said",and Seals was let go from the office.Ms. Rieck
then for the first time  spoke and stated she objects to all the denied quesitons,and
she also state din the record that I asked for a # camera review and the camera
review showed that I was escorted off the pod at 5:00 p.m.,not 5:30 p.m. as the
case claimed.Captain Miller said objections were noted,and then he immediately
and very quickly asked Ms. Rieck for a Summation and Mitigation statement,btu
before she could speak I asked Captian Miller "What's up with my questions for
my other witnesses?" Ms. Rieck then said one inmate witness siad I did not threaten
anyone.Captai Mileir told me he wasn't going to allow me to question any of my
witnesses because they weren't present at my cell at the time of the alleged incident.
The incident was manufactured so of course noone could be at my clel,but I needed
them for proof of my innocence.Captian Miller then rushed directly into saying
"I'm going to pause the tape now to consider my decision",and without pausing

the tape at all he hurriedly said "I'm going to find you guilty and give you 15
days recreation restriction,60 days commissary restriction,demotion in line class
from SAT 4 to Line 2 (a two line class demotion),and 180 days good time loss.This
is due to the seriousness of the offnese." He then stopped the tape recorder
and told me to step out of the office.I was escorted out of the office and stood
agaisnt the wall right by the door,and the door was lef topen.The office has a
glass panel from m waist up to the top,and from my vantage point I could see Captian
Miller and Ms. Rieck sitting at the desk and finishing up the disciplinary hearing
record report,explaining the questions that were denied and such as evidcenced
by all the writing on the sides of the disciplinary hearing record report.As I
was watching the Captain I heard someone walking around the corner to my right
and I saw it was Sergeant Byrd.He walked behind me as going toward E pod,and I
tulmed my head to watched Captain Miller again and I saw out of the corner of
my eye Sergeant Byrd leanign and looking toward Captian Miller in his office and
through the reflection of theglass in the office door I saw Captain Miller raise
his head and look at Sergeant Byrd and give him a thumbs up.I told Captian Miller
loudly /"I see that thumbs up,Miller!" and Sergeant Byrd turned his body fully
around and began walking backwards to E pod while looking at me and laughing at
me,and I told Sergeant Byrd "I'll see you in Court!".He just continued laughing
at me and went into E pod.I ask the Court to please order reviewal of this incident
using the camera data for this day and time.According to the  I-47 major disciplinary
hearing record the hearing began at 9:54 a.m. on 9-12 and lasted for 21 minutes,so
the time when this thumbs up and Sgt. Byrd looking into the office and then turneing
around and wlaking backwards while laughing at me was betwean about 9:54 a.m.
and 10:30 a.m..I saw Captain Miller  through the reflection on the opened office
door,so if the hallway cameras did not catch him directly perhaps they can or
did see the reflection of miller doing this aciton.There ar eno cameras in this
office,so only the cameras outside the office in the allway could possibly have
caught him.To prove this claim of mine is true,and thus to prove due process violations
and abuse of authority as well as retaliation,then when the camera shows Sergeant
Byrd walking by and looking into  the disciplinary hearing office please look for
direct or reflective evidence of this aciton.Why would a disciplinary hearing
officer,a Captain no less,give a Sergeant a thumbs up that caused the sergeant
to laugh at me right afetr I was railroaded in a disciplinary hearing for a false
disciplinary ᵫᴪᴪᴪ case thatw as instigated by the same Sergeant?This is a serious
issue,and desptie my attmepts to get this issue reviewed here on the unit level

noone wants to look into it,not beleiveing my claim of this,or not caring about
it.I was dneied the abiolity to get almsot anything into the recrod because of
Captain Miller rushing SO FAST through everything,as the hearing record would
provve.When Captian Miller was done he came to the office door  anmd becauise
I saw him coming I told him to bring all of my evidence with him to give back
to me,and he did,grabbing it all off the desk and handing it to my escort officer
Lee,who handed it back to me.Captain Milelr then waved at me and shut the opffice
door in my facxe as i was trying to talk to him.I returned to my cell.On 9-13
I sent out another flurry of letters to all offices informing them of the thumbs
up and the laughing and the way I was railroaded and denied due process in my
hearing,hoping SOMEONE would take the time to review the hearing record and camera
record,btu I never heard any repsonse to anything.On 9-14 I field a steop one
grievance on Sergeant Byrd for falsification of records and misconduct (originally
numebred #2024005757).Initially it was processed as a staff complaint grievance
and coded 899,which is an unprocessed or screened staff complaint grievance,and
the grievance was denied for screenign criteria "Submission in excess of 1 every
7 days." The grievance investigator asssigned to me,Investigator ID# 2943,Heatehr
Marrs,did not retunr this grievance to me as she was requreid to do,but held it
in her offices and then without my knowledge processed it a few days later as
a Disciplianry Grievance,recoding it as a 400 code and renumebring it # 2024007870.I
never knew this grievance had been screeneds,much less changed from a staff complaint
grievance to a disciplianry apepeal grievance.The text iof the grievance said
"This is on Sergeant Brice Byrd for Falsification of Records and Misconduct,in
contravention of penal codes 37.09 and 37.10,and PD-22 rules 10 and 37 for falsifying
an I-203 dated 9-4-2023 that at 5:05 p.m. places me on ,multiple restrictions
for an incident that according to major didssciplinary #20240001152 didn't occur
until 25 minutes later at 5:30 p.m.After placing me on initial restricitons,Sergeant
Byrd had the duty to forward it tothe Restrctive Housing Committee for review
and further determination,and instead of doing this,Sergeant Byrd filled out the
entire  form himself,including writing in the names of the other two RHC memebrs
(he himself by his signature being one as well),as evidenced by the exact same
writing slant and style,in order to ensure that I remained on all restricitons
for as long as possible.In Seciton II. of the I-203,Sergeant Byrd attests by
his signature that he wrote the text under 'Reason For Placement'[on Restrictions].

In Section III. of the I-203,which should've been filled out by the other RHC,you can easily see that Sergeant Byrd filled out EVBERYTHING as the wiritng is the exact same s in section II.If you look to Captain McLoughlin's name,you will also see it is the EXACT same wirint as everyhing else is,as is the name of the remaining RHC memebr Lieutenant Capps.Further,if you review the 9-4-2023 SM-01.29 Food Loaf Restriction Approval Form you will see Lieutenant Cpps' name in her actual writing, and it is nothing at all like the wiring of her name on the I-203.Nowhere does policy state the RHC can consist of only one person,and by forging the names of the RHC Sergeant Byrd misrepresentend the fact that he was doing the entire form, thereby constituting fraud and resulting in the misconduct of falsificaiton."
For Action Requested to resolve my complaint.I wrote "The 9-4-2023 I-203 and SM-01.29 reviewed to investigate this issue,and Sergeant Byrd to be dealt with according to PD-22." At no timedid I request relief from any punishments  from my 9-12 disciplinary hearing,and in fact the only reference I made to the discipliancy case was to show that while I was placed on restrictions at 5:05 p.m. the case supposedly didn't even occur utnil 5:30 p.m..Well,on 9-21 I attmepted to fiule my Disciplinary Appeal and it was screened and returned to me by the grievance office saying that I had already  field my disciplianry appeal,which I HAD NOT DONE.But I was unaware that my staff complaint grievance on Sergeant Byrd had been screened and reprocessed as a disciplinary appeal.Because I have to presetrve certain things in my Step One,and I was not allwoed to properly file my dsiciplianry appeal,I was deprived of the right to present requests for preservaiton of certain things in my appeal.Oh,and I had also sent I-60 requests to the counsel substitutes and discipliancy hearing offices requesting a hearing record review prior to filing my discipliancy eappeal,but I never heard back from either office and nor wa  a eharing record review ever conducted for me.I later filed grievance # 2024014250 abotu the denial of hearing record review.It was claimed that the discipliancy hearing office nor counsel substitute offices ever recieved my requests asking for hearing record revieww.These offices no doubt destroyed these requests in order to deny me my ability to review the eharing record.As a result,I was unable to use evidence from the hearing record to appeal my disciplinary case charge and punishments.I will nto attach all of these documents as they are voluminous,but they are lal available to the Court for review if desired.I tried everything I could to appeal my hearing,and when the step one that was processed as the appeal was recieved and denied I filed the step two anyways and it too was denied at the step two level.

It has been proven that the longer an inmate is confined to the segregation or as it is now claled in Tecxas the Restrictive Housing environemt that that the greater the chance of that inmate succumbing to some mental health illmess.I have been continually confined to this segregation environment for 23 eyars and I have a libery interest in my mental health,and thus I have a liberyty interest in having this disciplinary case overturned and dismissed as TDCJ uses and will continue to use this discipplinary case against me as jsutificaiton to remian me in segregation indefinitely.I have already done TWENTY-THREE YEARS in this harsh environemt.I beleive a proper reviewal of this case would result in overturning/dismissal and expunction of the chagge,which would result in the retunr of my SAT 4 custody status,which could expedite my release form segregation.When I saw State Classificatton Committee in $t# ddecember 2023 I was told I would not be considered for release because of my low line class,and when I saw State Classificaiton Committee in March 2024 I was told the exact same thing and again denied release from this harsh environemt,so the reduction in line class id did and DOES negatively affect me.The incident where Captian Miller gives Sergeant Byrd the thumbs up and where Sergeant Byrd was laughing at me CAN and Shoulf be investigated to prove that there was MALICE in this entire case.Onlty this Court can order anmd require release of the different tapes of this and the hearing record tape and I ask that this Court please Order this done,.Proper investigation would PROVE there was personal involvement.In the entire process Captain Miller flouted the process and did not follow procedures regarding disciplinary hearings.The facts of this case were in dispute and the Courts in Edwards v. Balisok,520 US 641,646-647,117 SCt 1584 (1997) have ruled that when witnesses can corroborate the accused inmate's claim and they are denied then due process id denied.The preponderace oif the evidence supports a factual finding of innocence in this case.Camera reviews will show that Officer Seals is 6'3" in height and weighs about 300 pounds and that when he picked up my tray he did not seem to be threatedned in any way at all and he walked close to my cell and within arms reach,which he ould not have doneif I was acting as aggressive as he claims I was by making such a threat..Time accoutns conflict in several areas and can disprove the claims of the threat made by Officer Seals.This evidence taken together wqould show that I am less likely to be guilty than innocent.My witness ISS Medina would have proven that she had my stamps with her on the pod,which would dispute officer Seals' claim that I would even need to tell him to "Go to commissary" and get my stamps,sicne my stamps weren't in commidssary but wer with the commissary lady on the pod.When she brought my stamps

on 9-5 she told me that when she went back to my cell later to give me my stamps I had already been rolled to F pod and was told by Ofcicar Seals that I began to act a fool over the stamps not being given to me,which was a lie.Sergeant Schroyer would have proven that Sergeant Byrd never told him during turnout at dshiftcvhange about any threat I supposedly made or haiving a towel over my door,which information WOULD have been transferred to Sergeant Schroyer if true because of the serious nature of the claim.

lastly,I would like to state that because of my extremely low Educational Average score I am unable to represent myself in even internal TDCJ disciplinary hearings and that it would be unfair of the Courts to expect me to be able to properly represent myself ₤ in such a convoluted case as this where evidence of misconduct by high ranking supervising officers WILL be hiddne,as there is systemic corruption occurring on the James V. Allred unit.Please take a generous view of my claim and please assign me a court appointed attorney to assist me in this issue.Thank you very much for your time.This is all true and correct under penalty of perjury.


Rickey Pearson        # 1115020

Date :- March 25,2024


I have been continuously confined to Administrative Segregation ("Restrictive Housing") for over 23 years and I was denied Release from seg. by the State Classification Committee in December 2023 as well as on March 19,2024 due to "Line Class being too low", said LineClass demoted as a result of this bogus case, so this disciplinary case IS preventing my release, and as a result is potentially affecting my mental health. I have a liberty interest in my mental health.

Ricky Pearson

Clerk
U.S. District Court
501 W. Tenth Street, Room 310
Fort Worth, Texas   76102

RE : Rickey Pearson v. Bobby Lumpkin
     Article §2254 Habeas Corpus Writ Application (Prison Disciplinary issue)

FILING: REQUEST FOR APPOINTMENT OF COUNSEL, MOTION FOR EVIDENTIARY HEARING,
        REQUEST FOR ORAL ARGUMENT, PETITION FOR WRIT OF HABEAS CORPUS AD
        TESTIFICANDUM, WRIT AND PROPOSED ORDER GRANTING  AD TESTIFICANDUM,
        ARTICLE §2254 HABEAS CORPUS WRIT APPLICATION W/MEMORANDUM OF LAW.
                                              w/ One Copy

Dear Clerk :

Please file the enclosed and above-referenced documents with the Court.
Please utilize enclosed S.A.S.E. for acknowledgement of receipt of these
filings. Thank you very much.

I will need/require one COPY of the yellow page in the original packet
as the TDCJ prison does not want to provide me with a copy. The cost for
this one copy for inclusion in the copy of the Writ packet will be added
onto the fee payment. This needed copy is the I-203 Form titled Security
Detention Level Review/Placement On Restriction. If the copy does not
show clearly due to the lightness of the writing on the form then please
create a verbatim certified copy for inclusion and filing and send me a
Bill for immediate payment of any additional fee over normal copying cost.

Have a safe day.

Respectfully,

Rickey Pearson # 1115020
James V. Allred Unit
2101 FM 369 North
Iowa Park , Texas   76367



Rickey Pearson # 1115020
James V. Allred Unit
2101 FM 369 North
Iowa Park , Texas
76367

Clerk
U.S. District Court
501 W. Tenth Street,Room 310
Fort Worth, Texas  76102

LEGAL MAIL



LEGAL MAIL



CERTIFIED MAIL

Rickey Pearson
210t F
Iowa Park, Tx.
76367

9589 0710 5270 1582 7882 22

Retail

U.S. POSTAGE PAID
FCM LG ENV
IOWA PARK, TX 76367
JUN 25, 2024

76102

$0.00

RDC 99         R2303S103034-06

RECEIVED

JUN 28 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Clerk
U.S. District Court
501 W. Tenth St., Rm. 310
Fort Worth, Texas
76102

LEGAL

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION